UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Great White Bear, LLC,<br><br>      Plaintiff,<br> -against-<br><br>Mervyns, LLC,<br><br>      Defendant. | 06 Civ. 13358 (RMB)(FM) |

## AMENDED ANSWER OF DEFENDANT MERVYN'S LLC

Defendant Mervyn's LLC ("Mervyn's"), by and through its undersigned counsel, hereby amends its answer to the Amended Complaint of Plaintiff Great White Bear, LLC ("Great White Bear") pursuant to Federal Rule of Civil Procedure 15(a) as follows:

### PARTIES

1. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Amended Complaint.

2. Defendant Mervyn's LLC avers that the correct address of its main office is 22301 Foothill Road, Hayward, California 94541, and otherwise admits the allegations set forth in paragraph 2 of the Amended Complaint.

### JURISDICTION AND VENUE

3. Defendant admits the allegations set forth in paragraph 3 of the Amended Complaint in so far as Plaintiff has alleged damages sufficient to satisfy the jurisdictional prerequisite.

4. Defendant admits that venue purports to lie in this judicial district pursuant to 28 U.S.C. § 1391(a) and otherwise denies the allegations set forth in paragraph 4 of the Amended Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

5. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Amended Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Amended Complaint.

7. In response to allegations set forth in paragraph 7 of the Amended Compliant, Defendant admits that Scott Jeffries in or about January 2005 met with Sandy Fodiman of Great White Bear at Great White Bear's Manhattan offices to discuss placing specific orders for Rampage merchandise with Great White Bear, and except as so admitted denies the remaining allegations set forth in paragraph 7 of the Amended Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Amended Complaint.

9. In response to allegations set forth in paragraph 9 of the Amended Complaint, Defendant admits that Scott Jeffries, at the request of Great White Bear, and representatives of Great White Bear met with Larry Hansel of Rampage, and that they discussed selling Rampage merchandise under a special Rampage label, and Defendant denies information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 9 of the Amended Complaint.

10. In response to allegations set forth in paragraph 10 of the Amended Complaint, Defendant admits that Great White Bear was set up as a vendor for Mervyn's and that arrangements were made for Great White Bear to sign on to Mervyn's Partners Online, that Scott Jeffries examined Rampage samples and picked out desired samples and quantities for specific purchase orders, and that specific purchase orders were issued to Great White Bear, and except

as so admitted Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Amended Complaint.

11.     Defendant denies the allegations set forth in paragraph 11 of the Amended Complaint.

12.     Defendant denies the allegations set forth in paragraph 12 of the Amended Complaint.

13.     In response to the allegations set forth in paragraph 13 of the Amended Complaint, Defendant admits that Scott Jeffries moved out of his position at Mervyn's and that Laura Willett and Heather Takagi worked with Great White Bear; Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first clause of the last sentence of paragraph 13 of the Amended Complaint; and Defendant denies the remaining allegations set forth in paragraph 13 of the Amended Complaint.

14.     In response to allegations set forth in paragraph 14 of the Amended Complaint, Defendant admits that Michael Wallen, Laura Willett, and Robin Green were scheduled to attend a meeting in or around November 2005 with Great White Bear in New York, and denies the remaining allegations set forth in paragraph 14 of the Amended Complaint.

15.     In response to allegations set forth in paragraph 15 of the Amended Complaint, Defendant avers that it informed Great White Bear it would not place any more orders from Great White Bear in or about December 2005 or January 2006, and further avers that due to various problems with purchase orders it returned goods and assessed charge-backs, and denies the remaining allegations set forth in paragraph 15 of the Amended Complaint.

16.     Defendant denies the allegations set forth in paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the Amended Complaint.

### AS AND FOR AN ANSWER TO THE FIRST
### CAUSE OF ACTION FOR BREACH OF CONTRACT

18. In response to paragraph 18 of the Amended Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 17 of the Amended Complaint as if fully set forth herein.

19. Defendant denies the allegations set forth in paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Amended Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
### FOR BREACH OF CONTRACT (GOOD FAITH AND FAIR DEALING)

21. In response to paragraph 21 of the Amended Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

22. Defendant denies the allegations set forth in paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Amended Complaint.

### AS AND FOR AN ANSWER TO THE THIRD
### CAUSE OF ACTION FOR QUASI-CONTRACT

24. In response to paragraph 21 of the Amended Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 23 of the Amended Complaint as if fully set forth herein.

25. Defendant denies the allegations set forth in paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

27. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred in whole or in part by the statute of frauds.

### THIRD AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel, and/or ratification.

### FOURTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred in whole or in part by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred in whole or in part because any alleged damages were caused by the acts or omissions of Plaintiff or third parties over whom or which Mervyn's had and has no control, and the acts or omissions of Plaintiff or third parties were intervening and superseding causes of Plaintiff's alleged injuries or risk of injuries.

### SEVENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred by the contract that governs Mervyn's sale of goods to Plaintiff.

## RESERVATION OF RIGHTS

Mervyn's hereby gives notice that it may rely upon any additional affirmative defenses that become available or apparent during discovery, and thus reserves the right to amend its answer to assert such additional defenses.

WHEREFORE, Defendant Mervyn's LLC respectfully prays that judgment be entered in its favor (i) dismissing the Amended Complaint, and all claims and causes of action asserted herein, with prejudice; (ii) awarding Mervyn's its costs, disbursements and reasonable attorney's fees; and (iii) granting such other and further relief in favor of Mervyn's and against Plaintiff as the Court may deem just and proper.

Dated:   New York, New York
         January 30, 2007

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *Lisa Simpson*
Lisa T. Simpson (LS-0694)
Rishona Fleishman (RF-5263)
666 Fifth Avenue
New York, NY 10103-0001
212-506-5000

Attorneys for Defendant Mervyn's LLC