UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREAT WHITE BEAR, LLC

          Plaintiff,

-against -

MERVYNS, LLC,

          Defendant.
------------------------------------------------------------x

06 Civ. 13358 (RMB)(FM)

PLAINTIFF'S INITIAL
DISCLOSURES PURSUANT
TO RULE 26(a)(1) OF THE
FEDERAL RULES OF
CIVIL PROCEDURE

      **Plaintiff GREAT WHITE BEAR, LLC**, by and through its attorneys Nesenoff & Miltenberg, LLP, hereby submits its Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiff GREAT WHITE BEAR, LLC reserves the right to supplement and amend these disclosures as discovery proceeds. The inclusion of documents in connection with this disclosure statement shall not be deemed to waive: (i) the attorney-client privilege and/or the work-product doctrine, either generally or as they may pertain to particular document; and/or (ii) objections to the admissibility of these documents at trial.

1.    **Rule 26(a)(1)(A) Disclosures:**

Larry Hansel/ Rampage
530 7th Avenue - 22nd floor
New York, New York 10018

Scott Jeffries
WalMart Stores Inc.
702 Southwest 8th St.
Bentonville, Arkansas 72716
479-273-4000

Lisa Bucci
530 7th Avenue - 22nd floor
New York., New York 10018

Sam Wilson
80 West 40th St.
New York.,New York 10018

-2-

Daniel Fodiman
185 Boulevard Rd.
Scarsdale, New York 10583
914-815-0815

Sanford Fodiman
1412 Broadway 16th floor
New York, New York 10018
212-391-1223

Glenn Sands
2 Rio Vista Drive
Alpine, New Jersey 07620
201-410-9958

2.     **Rule 26(a)(1)(B) Disclosures:**

Accompanying these Initial Disclosures are documents in the Plaintiff GREAT WHITE BEAR, LLC's possession, custody or control that may be used to support claims or defenses. In addition, in Plaintiff GREAT WHITE BEAR, LLC's possession, custody or control is a CD of a voice mail retrieval.

3.     **Rule 26(a)(1)(C) Disclosures:**

Plaintiff GREAT WHITE BEAR, LLC.'s damages are computed, based on presently held information and reflected in produced documents, as follows.

**Lost Profits of $3,760,000.00:** As a direct consequence of Mervyns's breach and after discharging any duty to mitigate, Great White Bear suffered a loss of $9,400,000 in lost orders because the commitment to place $11,700,000 in orders with Great White Bear and providing $2,300,000 on filled orders in partial performance of the aforesaid agreement. A 40% gross profit rate (computed after costs of goods but before overhead) is standard in the industry; and at that 40% gross profit rate, Great White Bear suffered $3,760,000 in lost profits caused by Mervyns's breach.

**Consequential Damages of $2,862,000.00:** Additional reasonably foreseeable losses to Great White Bear included:

-3-

(i) loss of the guarantee payment of $400,000 to Rampage, which was made in reasonable reliance on the agreement between Mervyns and Great White Bear for the sale of Collections under the "R for Rampage" label;

(ii) returns and cancellations that were not justified under the agreement and that totaled $250,000;

(iii) excess charge-backs that were not justified under the agreement that cost $225,000;

(iv) certain samples and development costs that totaled $95,000;

(v) additional employee expense that totaled $120,000;

(vi) interest totaling $40,000 representing financing cost on goods on hand at Great White Bear intended for delivery to Mervyns per the agreement breached by Mervyns;

(vii) lost travel expense that was $12,000;

(viii) loss of opportunity cost that was $700,000 in other business that Great White Bear specifically did not do due to its contractual obligations to Mervyns; and

(ix) loss on showroom expense that was $400,000.

**Total of Lost Profits and Consequential Damages of $6,622,000.00:** The presently computed total of lost profits and consequential damages is $6,622,000.00.

4.  **Rule 26(a)(1)(D) Disclosures:**

Plaintiff GREAT WHITE BEAR, LLC. is the plaintiff, but in any event is not aware of any insurance policy that would be applicable to satisfy part or all of a judgment which may be

-4-

entered in the action or to indemnify or reimburse for payments made to satisfy a judgment.

**Dated:**     New York, New York
               February 7, 2007          NESENOFF & MILTENBERG, LLP
                                         **Attorneys for Plaintiff Great White Bear, LLC**

                                         By: _____
                                             Philip A. Byler (PAB-1234)

                                         363 Seventh Avenue - Fifth Floor
                                         New York, New York 10001
                                         (212) 736-4500

**TO:**   Orrick, Herrington & Sutcliffe, LLP
          **Attorney for Defendant Mervyns**
          Attn: Lisa T. Simpson, Esq./Rishone Fleishman, Esq.
          666 Fifth Avenue
          New York, New York 10103-0001