UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Great White Bear, LLC,

        Plaintiff,

   -against-

Mervyns, LLC,

        Defendant.

06 Civ. 13358 (RMB)(FM)

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0001
212-506-5000

Attorneys for Defendant
Mervyn's LLC

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

STANDARD OF REVIEW ........................................................................................... 3

ARGUMENT .................................................................................................................. 5

     I.      The Statute Of Frauds Bars GWB's First
           Cause Of Action For Breach Of Contract .............................................. 5

     II.     GWB's Second Cause Of Action For Breach Of The
           Covenant Of Good Faith And Fair Dealing Similarly Fails ................. 7

     III.    GWB Fails To State A Claim For Quasi-Contract ............................... 8

CONCLUSION .............................................................................................................. 9

# TABLE OF AUTHORITIES

Page

## CASES

*Bulger v. Royal Doulton, PLC*,
    No. 05 Civ. 7709 (DAB), 2006 WL 3771016 (S.D.N.Y. Dec. 19, 2006) .................3, 4

*Cherry Creek Woodcraft v. Plum Creek Mfg., Inc.*,
    No. 94-CV-0601E(H), 1995 WL 428609 (W.D.N.Y. July 18, 1995) ...........................6

*Dolmetta v. Unitah Nat'l Corp.*,
    712 F.2d 15 (2d Cir. 1983).................................................................................................8

*Huntington Dental & Medical Co. v. Minn. Mining and Mfg. Co.*,
    No. 95 Civ. 10959 (JFK), 1998 WL 60954 (S.D.N.Y. Feb. 13, 1998)..................4, 6, 8

*In re Livent, Inc. Noteholders Sec. Litig.*,
    151 F. Supp. 2d 371 (S.D.N.Y. 2001)...........................................................................4

*Marcus v. AT&T Corp.*,
    138 F.3d 46 (2d Cir. 1998).............................................................................................9

*Mina Investment Holdings, Ltd. v. Lefkowitz*,
    51 F. Supp. 2d 486 (S.D.N.Y. 1999)..............................................................................9

*Patel v. Contemporary Classics of Beverly Hills*,
    259 F.3d 123 (2d Cir. 2001)............................................................................................4

*Shady Records Inc. v. Source Enters., Inc.*,
    351 F. Supp. 2d 74 (S.D.N.Y. 2004)..........................................................................8, 9

*Stillman v. Townsend*,
    No. 05 Civ. 6612 (WHP), 2006 WL 2067035 (S.D.N.Y. July 26, 2006).................6, 7

*United Magazine Co. v. Murdock Magazines Distribution, Inc.*,
    146 F. Supp. 2d 385 (S.D.N.Y. 2001).......................................................................4, 7

*Wallach Marine Corp. v. Donzi Marine Corp.*,
    675 F. Supp. 838 (S.D.N.Y. 1987) ................................................................................6

# TABLE OF AUTHORITIES

**Page**

## STATE STATUTES

N.Y. Gen. Oblig. § 5-701 (McKinney 2006)...........................................................................6

N.Y.U.C.C. § 2-201 (McKinney 2006) ........................................................................5, 6, 7

## FEDERAL STATUTES

Federal Rule of Civil Procedure 12(b)(6) ........................................................................3, 4, 6

Federal Rule of Civil Procedure 12(c) ...........................................................................1, 3, 4, 9

Defendant Mervyn's LLC ("Mervyn's") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings, dismissing in its entirety the Amended Complaint of Plaintiff Great White Bear, LLC, served on December 7, 2006 ("Amended Complaint" or "Compl."),[1] for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Plaintiff Great White Bear, LLC ("GWB") seeks to assert three causes of action against Defendant Mervyn's: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) quasi-contract. None of the alleged causes of action, however, states a valid claim, and all should be dismissed. GWB's breach of contract claim alleges that the parties hereto agreed to the sale and purchase of $11.7 million worth of merchandise, namely junior sportswear. However, GWB has failed to plead the existence of any writing memorializing or confirming that supposed agreement. While Mervyn's denies the existence of any such agreement, and has so pled in its Amended Answer, filed January 30, 2007 ("Amended Answer" or "Ans."), the Court need not reach that question on this motion since, without a writing, GWB cannot satisfy the Statute of Frauds. Its breach of contract claim must therefore be dismissed. Similarly, without allegations of a valid and enforceable contract, GWB's Second Cause of Action, for breach of the covenant of good faith and fair dealing, must also be dismissed.

In an attempt to avoid the lack of a writing and the inevitable dismissal of its claims due to the Statute of Frauds, GWB states its Third Cause of Action as one for quasi-contract. Again, GWB fails to adequately allege the elements necessary to state a claim. Specifically, GWB fails to allege how Mervyn's has been unjustly enriched at the expense of

---

[1]    For ease of reference, Mervyn's attaches Plaintiff's Amended Complaint and Mervyn's Amended Answer to the Declaration of Rishona Fleishman.

GWB and similarly fails to allege the benefit conferred on Mervyn's that should be restored to GWB as its rightful owner. As a result, GWB's attempt to rely on this equitable remedy in the absence of an enforceable contract should also be dismissed.

For these reasons, and as set forth below, GWB's Amended Complaint should be dismissed in its entirety with prejudice.

## STATEMENT OF FACTS

Defendant Mervyn's is a California limited liability corporation that operates mid-range retail department stores in the United States. Mervyn's currently operates 172 stores located in California, Texas and 6 other states, located predominantly in the southwest. *See* Compl. ¶ 2; Ans. ¶ 2.[2] Mervyn's carries merchandise ranging from apparel to housewares and strives to provide style and quality while also providing value to the consumer. Mervyn's offers national as well as house owned brands. *Id.* GWB, a limited liability company located in New York, New York, is a wholesale clothing company that sells various lines of outerwear to department stores throughout the United States. *See* Compl. ¶ 1, 5.

According to the allegations set forth in the Amended Complaint[3], in early 2005, Scott Jeffries, the women's junior sportswear buyer for Mervyn's, met with representatives of GWB to discuss the possibility of Mervyn's placing orders with GWB for certain merchandise bearing the label of a third party, Rampage Clothing Company. *See* Compl. ¶ 7; Ans. ¶ 7. GWB alleges that as a result of those discussions, Jeffries, in a telephone call to GWB in New York, "committed Mervyns to placing orders for $13 million at cost allowing for a 10% deviation

---

[2]    As of January 31, 2007, a date subsequent to the filing of both the Amended Complaint and the Amended Answer, Mervyn's ceased operation of stores in two states it had previously occupied.

[3]    Although Mervyn's has answered GWB's Amended Complaint denying the allegations set forth therein, and particularly denying the existence of any agreement to purchase a certain dollar amount of merchandise from GWB, for purposes of this motion to dismiss, the facts are set forth herein as alleged by GWB in its Amended Complaint.

down (or $11.7 million) over an eighteen-month period." *See* Compl. ¶ 11. Notably, Plaintiff does not allege anywhere in the Amended Complaint that this supposed agreement was ever reduced to writing or that there is any writing whatsoever to support such an agreement. Plaintiff concludes, however, that "[a]ccordingly, Mervyns and Great White Bear entered into an agreement whereby Mervyns would be placing orders for $11.7 million of business . . . over an eighteen-month period." *See* Compl. ¶ 11. GWB further alleges that somehow based on this alleged agreement for $11.7 million in sales, GWB guaranteed Rampage $5 million in sales over that same eighteen month period. *Id.*

Following those initial meetings, Mervyn's placed specific orders with GWB for various items of junior sportswear. *See* Compl. ¶ 10; Ans. ¶ 10. However, due to continued issues and ongoing problems with orders placed, Mervyn's decided in or around December 2005 that it would place no further orders with GWB. *See* Compl. ¶ 15; Ans. ¶ 15.

Nearly a year later, on or about November 20, 2006, GWB filed this action in the United States District Court for the Southern District of New York purporting to state causes of action for breach of contract, breach of the covenant of good faith and fair dealing and quasi-contract. On January 10, 2007, Mervyn's filed an Answer to the Amended Complaint denying GWB's allegations. Mervyn's filed an Amended Answer further denying GWB's allegations on January 30, 2007. Mervyn's now makes this motion pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings due to GWB's failure to state a claim.

## STANDARD OF REVIEW

The same standard is applied to a motion for judgment on the pleadings brought pursuant Federal Rule of Civil Procedure 12(c) as is applied to a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *Bulger v. Royal Doulton, PLC*, No. 05 Civ. 7709 (DAB), 2006 WL 3771016 at *6 (S.D.N.Y. Dec. 19, 2006)

(citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (further citations omitted)); *see also Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (defense of failure to state a claim cannot be waived; standard for Federal Rule of Civil Procedure 12(c) identical to that of Federal Rule of Civil Procedure 12(b)(6)).

A motion made pursuant to Rule 12(b)(6) should be granted when it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Bulger*, 2006 WL 3771016, at * 6 (citing *Walker v. City of N.Y.*, 974 F.3d 293, 298 (2d Cir. 1992) (citing *Ricciuti v. New York City Transit. Auth.*, 941 F.2d 119 (2d Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In making this determination, the Court must accept well-pleaded factual allegations in the complaint as true. *Id.* However, "[t]he court need not credit conclusory statements unsupported by assertions of facts or legal conclusions and characterizations presented as factual allegations." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Further, "the complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory." *Huntington Dental & Medical Co. v. Minn. Mining and Mfg. Co.*, No. 95 Civ. 10959 (JFK), 1998 WL 60954, at * 3 (S.D.N.Y. Feb. 13, 1998). Dismissal with prejudice is appropriate where, as here, allowing the plaintiff to amend would be futile. *United Magazine Co. v. Murdock Magazines Distribution, Inc.*, 146 F. Supp. 2d 385, 415 (S.D.N.Y. 2001) (breach of contract claim and breach of good faith and fair dealing claim dismissed with prejudice where no written agreement existed and thus any attempt to amend to avoid the Statute of Frauds would be futile).

## ARGUMENT

### I.

### THE STATUTE OF FRAUDS BARS GWB'S FIRST
### CAUSE OF ACTION FOR BREACH OF CONTRACT

In support of its First Cause of Action for breach of contract, GWB alleges that

Mervyn's agreed by telephone to place orders for $13 million worth of merchandise from GWB.

*See* Compl. ¶ 11. Factoring in a 10% deviation down, GWB alleges that Mervyn's agreed to

purchase $11.7 million of goods over an eighteen month period. *See* Compl. ¶ 11. GWB has not

alleged (and cannot allege) the existence of any writing setting forth the terms of the alleged

agreement in its Amended Complaint. Consequently, GWB's First Cause of Action is barred by

the Statute of Frauds and must be dismissed.

Pursuant to New York's Uniform Commercial Code ("N.Y.U.C.C.") Section 2-

201(1) (Formal Requirements; Statute of Frauds):

> [A] contract for the sale of goods of $500 or more is not
> enforceable by way of action or defense unless there is some
> writing sufficient to indicate that a contract for sale has been made
> between the parties and signed by the party against whom
> enforcement is sought or by his authorized agent or broker. . . .

N.Y.U.C.C. § 2-201(1) (McKinney 2006). The contract alleged here is for $11.7 million of

goods, clearly exceeding the $500 threshold. As such, Section 2-201(1) requires that the alleged

agreement be in writing in order to be enforceable. GWB has failed to allege any such writing.

The New York Uniform Commercial Code also contains a "merchants'

exception" that will allow enforcement of an oral agreement in certain circumstances as follows:

> Between merchants if within a reasonable time a *writing in
> confirmation* of the contract and sufficient against the sender is
> received and the party receiving it has reason to know its contents,
> it satisfies the requirements of subsection (1) against such party
> unless written notice of objection to its contents is given within ten
> days after it is received.

N.Y.U.C.C. § 2-201(2) (McKinney 2006) (emphasis added). While this exception may be relevant to Mervyn's and GWB as merchants, GWB also fails to allege or reference any such "writing in confirmation" of the alleged agreement in its Amended Complaint.

New York courts routinely dismiss breach of contract claims pursuant to Federal Rule of Civil Procedure 12(b)(6) when the plaintiff asserting breach of contract fails to allege in its complaint a writing sufficient to satisfy the Statute of Frauds. *Cherry Creek Woodcraft v. Plum Creek Mfg., Inc.*, No. 94-CV-0601E(H), 1995 WL 428609, at * 2 (W.D.N.Y. July 18, 1995) (dismissing breach of contract complaint because the plaintiff failed to allege whether the contract was written, and if not written, failed to allege whether and how it was subject to the merchants' exception); *see Stillman v. Townsend*, No. 05 Civ. 6612 (WHP), 2006 WL 2067035, at *2 (S.D.N.Y. July 26, 2006) (dismissing claim for breach of employment agreement because, absent a writing, the Statute of Frauds rendered it unenforceable) (citing *Zaitsez v. Salomon Bros., Inc.*, 60 F.3d 1001, 1003-04 (2d Cir. 1995); *Zeising v. Kelly*, 152 F. Supp. 2d 335, 343 (S.D.N.Y. 2001); *Mobile Data Shred, Inc. v. United Bank of Switzerland*, No. 99 Civ. 10315 (SAS), 2000 WL 351516, at *5 (S.D.N.Y. Apr. 5, 2000); *Rosbach v. Indus. Trading Co.*, 81 F. Supp. 2d 522, 524 (S.D.N.Y. 2000); *Doehla v. Whatne Ltd., Inc.*, No. 98 Civ. 6087 (CSH), 1999 WL 566311, at *4 (S.D.N.Y. Aug. 3, 1999); *Keough v. Texaco Inc.*, No. 97 Civ. 5981 (LMM), 1999 WL 61836, at *9 (S.D.N.Y. Feb. 10, 1999)); *Huntington Dental*, 1998 WL 60954, at * 4 (dismissing breach of contract claim based on oral agreement where plaintiff failed to adequately allege the existence, terms and breach of agreement and because, even if adequately alleged, under N.Y.U.C.C. § 2-201(1) and NY Gen. Oblig. § 5-701,[4] the Statute of Frauds bars the enforcement of such an agreement); *Wallach Marine Corp. v. Donzi Marine Corp.*, 675 F. Supp.

---

[4] Notably, since the contract alleged by GWB requires performance over an eighteen month period, the alleged contract also fails to satisfy the more general Statute of Frauds provision set forth in N.Y. General Obligation Law Section 5-701, which requires performance within a year in the absence of a writing.

838, 840-41 (S.D.N.Y. 1987) (dismissing breach of contract claim on 12(b)(6) motion because, absent an alleged writing, agreement was barred under N.Y.U.C.C. § 2-201 Statute of Frauds).

As in the cases cited above, GWB has not pled, and cannot plead, any written contract nor any "writing in confirmation" of the alleged oral agreement for $11.7 million in sales. Failure to so plead is fatal to GWB's breach of contract claim, as GWB is unable to satisfy the mandatory requirements of the Statute of Frauds. GWB's First Cause of Action, therefore, should be dismissed with prejudice. *United Magazine*, 146 F. Supp. 2d at 405 (breach of contract claim dismissed with prejudice on 12(b)(6) motion pursuant to U.C.C. §2-201 and Gen. Oblig. Law 5-701 Statute of Frauds due to lack of written agreement).

## II.

### GWB'S SECOND CAUSE OF ACTION FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING SIMILARLY FAILS

GWB's Second Cause of Action purports to state a claim for breach of the covenant of good faith and fair dealing. To assert such a claim, GWB must first state a valid claim for breach of contract. Since GWB has failed to allege a valid contract pursuant to the Statute of Frauds, this cause of action also must be dismissed. *See United Magazine*, 146 F. Supp. 2d at 405 (implied covenant of good faith and fair dealing "is dependent upon the existence of an enforceable contract;" cause of action dismissed where the plaintiffs failed to allege a valid enforceable contract under the Statute of Frauds); *see also Stillman*, 2006 WL 2067035, at *4 (claim for breach of the covenant of good faith and fair dealing dismissed where the court held that the plaintiff had not alleged an enforceable contract due to the Statute of Frauds).

## III.

## GWB FAILS TO STATE A CLAIM FOR QUASI-CONTRACT

In an attempt to avoid the fatal lack of a written contract or other writing sufficient to satisfy the Statute of Frauds, GWB turns instead to quasi-contract and purports to assert a claim for this equitable relief as its Third Cause of Action.  It is well-settled, however, that "the law prevents a plaintiff from circumventing the reach of the statute of frauds by asserting a quasi-contract claim, such as quantum meruit or unjust enrichment." *Huntington Dental*, 1998 WL 60954, at *7.  To state a claim for quasi-contract a party must allege that another, in the absence of a contract, received a benefit at its expense, without providing adequate compensation, and that equity and good conscience require restitution.  *See Shady Records Inc. v. Source Enters., Inc.*, 351 F. Supp. 2d 74, 78 (S.D.N.Y. 2004).  As stated by the United States Court of Appeals for the Second Circuit:

> [A] plaintiff must prove that the defendant was enriched, that such enrichment was at plaintiff's expense, and the circumstances were such that in equity and good conscience the defendant should return the money or property to the plaintiff.

*Dolmetta v. Unitah Nat'l Corp.*, 712 F.2d 15, 20 (2d Cir. 1983) (dismissing claim for unjust enrichment for failure to state a claim).

GWB fails to state a viable claim for quasi-contract.  Its Amended Complaint does not contain any allegations setting forth the way in which Mervyn's benefited at GWB's expense.  Instead, it alleges that Mervyn's failed to place promised orders for merchandise.  Nowhere does GWB explain how Mervyn's has unjustly benefited from Mervyn's alleged failure to place orders with GWB.  Additionally, GWB does not identify what benefit is in Mervyn's possession, that rightly belongs to GWB, that this Court should order be restored to GWB.  Since GWB has failed to allege any of the elements required to state a claim for quasi-contract, this

cause of action should be dismissed. *See Marcus v. AT&T Corp.,* 138 F.3d 46, 64 (2d Cir. 1998) (affirming dismissal of claim against corporation for unjust enrichment because corporation was not in possession of any money which properly belonged to plaintiffs-appellants); *Shady Records Inc.,* 351 F. Supp. 2d at 78 (dismissing unjust enrichment claim for failure to allege the benefit conferred on the defendant for which the plaintiff could be entitled to compensation); *Mina Investment Holdings, Ltd. v. Lefkowitz,* 51 F. Supp. 2d 486, 490 (S.D.N.Y. 1999) (dismissing claim for unjust enrichment against the defendant bank because the complaint fails to state how the bank was enriched or what in equity should be restored).

## CONCLUSION

For the reasons set forth above, defendant Mervyn's respectfully requests that this Court grant its motion for judgment on the pleadings and dismiss the Amended Complaint in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(c) for failure to state any claim upon which relief can be granted.

Dated: New York, New York
       February 7, 2007

ORRICK, HERRINGTON & SUTCLIFFE LLP

By _____
   Lisa T. Simpson (LS-0694)
   Rishona Fleishman (RF-5263)

666 Fifth Avenue
New York, NY 10103-0001
212-506-5000

Attorneys for Defendant
Mervyn's LLC