**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
GREAT WHITE BEAR, LLC,

                Plaintiff,

    -against-                                06 Civ. 13358 (RMB) (FM)

MERVYNS, LLC,                              **DECISION AND ORDER**

                Defendant.
------------------------------------------------------------X

**I.    Background**

On or about November 21, 2006, Great White Bear, LLC ("Great White Bear" or "Plaintiff") filed an Amended Complaint ("Amended Complaint") against Mervyns, LLC ("Mervyns" or "Defendant"), alleging breach of contract, breach of the covenant of good faith and fair dealing, and "unjust detriment" arising out of an alleged breach by Mervyns of a "commitment to place $11.7 million in [clothing] orders with Great White Bear." (Am. Compl. ¶ 19.)

At the heart of Plaintiff's case is an alleged agreement made "[i]n or about late March or early April 2005" between Great White Bear and Mervyns ("Agreement") by which Mervyns "committed . . . to placing orders [for clothing] for $13 million at cost allowing for a 10% deviation down (or $11.7 million) over an eighteen-month period." (Am. Compl. ¶¶ 7, 11.) Over the course of the alleged contract period, the relationship between Great White Bear and Mervyns deteriorated and Plaintiff asserts that "representatives of Mervyns . . . handled the Great White bear account in a deliberately counterproductive way, lacking entirely in good faith and in breach of the agreement by frustrating performance thereunder, so that Great White Bear was set up to fail." (Am. Compl. ¶ 13.) "In January 2006, Mervyns, without justification or excuse, informed Great White Bear that the [Agreement] . . . was done and that Mervyns would be placing no further orders." (Am. Compl.

¶ 15.)  "At that point in time, Mervyns had placed only $2,300,000 in orders of the $11,700,000 . . . committed to by Mervyns."  (Am. Compl. ¶ 15.)

On or about February 7, 2007, Defendant filed a motion for Judgment on the Pleadings ("Motion") pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c).  (See Notice of Motion, dated February 7, 2007.)  Defendant argues, among other things, that:  (1) neither the Amended Complaint or the proposed Second Amended Complaint "plead the existence of any writing memorializing or confirming [the] supposed agreement" sufficient to satisfy the New York Statute of Frauds, N.Y. U.C.C. § 2-201 ("Statute of Frauds"); (2) "without allegations of a valid and enforceable contract, [Great White Bear's cause of action] for breach of the covenant of good faith and fair dealing[] must also be dismissed"; (3) Plaintiff's quasi-contractual cause of action for unjust detriment "fails to adequately allege the elements necessary to state a claim"; and (4) the promissory estoppel claim raised in the proposed Second Amended Complaint is an "attempt to state an equitable claim to avoid the application of the Statute of Frauds [and] fails to allege the elements necessary to state such a claim."  (See Memorandum of law in Support of Defendant's Motion for Judgment on the Pleadings, dated February 7, 2007 ("Def. Mem."), at 5-8; Reply Memorandum of Law in Support of Defendant's Motion to Dismiss and in Opposition to Plaintiff's Cross-Motion to Amend the Complaint, dated March 16, 2007 ("Reply") at 7-16.)

On or about March 1, 2007, Plaintiff submitted an opposition and cross motion to amend the Amended Complaint ("Cross Motion") pursuant to Fed. R. Civ. P. 15(a).  (See Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings and in Support of Cross-Motion to Amend, dated March 1, 2007 ("Pl. Mem.").)  Plaintiff argues that:  (1) "[t]here is a 'writing in confirmation' memorializing the agreement"; (2) because "a claim for breach of contract does exist . . . the [] claim for breach of the covenant of good faith and fair dealing is properly asserted"; (3) the claim for unjust detriment remedies the "unfairness arising from failed contractual

2

arrangements"; and (4) "[a] cause of action for promissory estoppel may [] be properly added."[1] (See Pl. Mem.)  On or about March 16, 2007, Defendant submitted a reply.

The parties have waived oral argument.

**For the following reasons, Defendant's Motion for judgment on the pleadings is granted in part and denied in part and Plaintiff's Cross Motion to amend the Amended Complaint is granted in part and denied in part.[2]**

## II.     Legal Standard

"In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party."  Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999).  "A complaint may not be dismissed under Rule 12(c) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Morris v. Schroder Capital Mgmt. Intern., 445 F.3d 525, 529 (2d Cir. 2006) (internal quotation marks and citation omitted).

"[T]here is a well-recognized presumption in favor of the liberal amendment of pleadings in order to allow for the resolution of cases on their merits."  Curtis v. Citibank, No. 97 Civ. 1065, 1998 WL 3354, at *2 (S.D.N.Y. Jan. 5, 1998) (citing Foman v. Davis, 371 U.S. 178 (1962)).

## III.    Analysis

The parties' briefs rely upon New York law "and such 'implied consent . . . is sufficient to establish choice of law."  Krumme v. Westpoint Stevens, Inc., 238 F.3d 133, 139 (2d Cir. 2000) (citation omitted).

---

[1]     As part of its Cross Motion, Plaintiff has submitted a proposed Second Amended Complaint, dated March 2, 2007 ("Second Amended Complaint"), to "remove any issue of a technical defect to the pleading in the Amended Complaint in the breach of contract claim . . . and to allow the addition of a valid 'promissory estoppel' claim."  (Pl. Mem. at 2.)

[2]     The Court is not here ruling upon the ultimate merits of Plaintiff's claims.

3

**(1)     Breach of Contract Claim**

Defendant argues that Great White Bear "has not and cannot plead a writing sufficient to satisfy the Statute of Frauds." (Reply at 12.) Plaintiff counters that a March 31, 2005 e-mail from Great White Bear to Mervyns is a "writing in confirmation" and "takes the case out of the Statute of Frauds." (Pl. Mem. at 10.)

"Under the New York statute of frauds, a contract for the sale of goods for the price of $500 or more is not enforceable 'unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.'" Coastal Aviation, Inc. v. Commander Aircraft Co., 937 F. Supp. 1051, 1061-62 (S.D.N.Y. 1996) (quoting N.Y. U.C.C. § 2-201(1)). Where there is no "writing signed by the party against whom enforcement is sought," the alleged oral agreement may fall within the so-called "merchants' exception" to the Statute of Frauds, N.Y. U.C.C. § 2-201(2), allowing "merchants A and B [to] orally agree to a sale of goods for $500 or more, and [if] merchant A within a reasonable time sends merchant B a written confirmation of the contract, merchant B would [then] lose the Statute of Frauds defense unless merchant B gives a written objection within ten days after receiving the confirmation." American Plastic Equipment, Inc. v. CBS Inc., 886 F.2d 521, 527 (2d Cir. 1989); see also N.Y. U.C.C. § 2-201(2). "[I]n determining whether writings are confirmatory documents within UCC 2-201(2), neither explicit words of confirmation nor express references to the prior agreement are required, and the writings are sufficient so long as they afford a basis for believing that they reflect a real transaction between the parties." Bazak Intern. Corp. v. Mast Industries, Inc., 73 N.Y.2d 113, 123, 538 N.Y.S.2d 503 (1989).

The proposed Second Amended Complaint includes an allegation that "Great White Bear's Danny Fodiman . . . sent an e-mailed writing to Mervyns's Scott Jeffries confirming the agreement .

. . ." (Second Am. Compl. ¶ 12.)  The e-mail, dated March 31, 2005, states that "collections [i.e., knits, wovens, jackets, and pants] would be $9,000,000 at cost and active [wear] would be $4,200,000 at cost ($13,200,000) over an 18 month period."  (See E-mail from Danny Fodiman to Scott Jeffries, dated March 31, 2005 ("March 31 E-mail"), attached as Exhibit A to Declaration of Danny Fodiman, dated February 27, 2007.)  The March 31 E-mail also states that $3.2 million "could be aggressive" and "may be 10% high" – a reference to Plaintiff's allegation that the alleged contract allowed for a 10 percent downward deviation in the total contract price, i.e., $11.7 million.  (See March 31 E-mail.)

The March 31 E-mail "afford[s] a basis for believing that [it] reflects a real transaction between the parties" at this stage of the case.  Bazak, 73 N.Y.2d at 123; see Hilord Chemical Corp. v. Ricoh Electronics, Inc., 875 F.2d 32, 37 (2d Cir. 1989) ("There are no rigid requirements as to the form or content of a confirmatory writing."); Bazak Intern. Corp. v. Tarrant Apparel Group, 378 F. Supp. 2d 377, 384 (S.D.N.Y. 2005) ("An e-mail suffices as much as a letter, a telegram or a fax to provide such objective indication of an existing agreement."); see also Coastal Aviation, 903 F. Supp. at 594 ("Of course, this conclusion does not establish as a matter of law that the contract alleged by [Plaintiff] was concluded between the parties . . . [but] means only that [Plaintiff] is not barred from attempting to prove that the parties entered into an official contract.") (citation omitted); Luparello v. Incorporated Village of Garden City, 290 F. Supp. 2d 341, 344 (E.D.N.Y. 2003) ("the proposed amendments to the complaint state a claim upon which relief can be granted").

**(2)    Good Faith and Fair Dealing Claim**

"Under the law of New York, every contract contains an inherent duty of good faith and fair dealing."  Sotheby's Intern. Realty, Inc. v. Black, 472 F. Supp. 2d 481, 486 (S.D.N.Y. 2006).  "However, [i]f the allegations do not go beyond the statement of a mere contract breach and, relying

5

on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." Action Nissan, Inc. v. Nissan North America, 454 F. Supp. 2d 108, 132 (S.D.N.Y. 2006) (citing Hall v. EarthLink Network, Inc., 396 F.3d 500, 508 (2d Cir. 2005)).

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is identical to its claim for breach of contract, (compare Second Am. Compl. ¶ 19 with Second Am. Compl. ¶ 22), and both claims seek damages in the (same) amount of $6,622,000.00. (See Second Am. Compl. ¶ 26.) Accordingly, Plaintiff's "allegation of breach of the implied covenant of good faith and fair dealing is entirely duplicative of the allegation of breach of [contract] . . . and therefore will be dismissed." Kamfar v. New World Restaurant Group, Inc., 347 F. Supp. 2d 38, 52 (S.D.N.Y. 2004); see Camp Summit of Summitville, Inc. v. Visinski, 2007 WL 1152894, at *7 (S.D.N.Y. April 16, 2007) ("It is axiomatic that '[a] contract claim for alleged breach of the implied covenant of good faith and fair dealing is duplicative of a claim for breach of contract and should be dismissed'"); see also Action Nissan, Inc., 454 F.Supp.2d at 132 ("the breach of implied covenant cause of action rests entirely on the same predicate actions as the breach of contract claim").

**(3)     Unjust Detriment Claim**

Defendant argues that Great White Bear "fails to state a viable claim for quasi-contract" because the "Amended Complaint does not contain any allegations setting forth the way in which Mervyns benefited at [Great White Bear's] expense." (Def. Mem. at 8.) Plaintiff counters that "Mervyns is misconceiving Great White Bear's pleading of 'quasi-contract,' which in this case is a claim of 'unjust detriment' . . . asserted so as to permit the recovery of [Great White Bear's] expenditures." (Pl. Mem. at 15.)

Plaintiff cannot maintain an unjust detriment claim where, having asked for "the recovery of [its] expenditures" (Pl. Mem. at 15), it "fail[s] to specify the expenditures it made in reliance upon

6

the defendant's representations, as well as the reasonable value of the services performed." <u>Grappo v. Alitalia Linee Aeree Italiane, S.p.A.</u>, 56 F.3d 427, 433 (2d Cir. 1995). Both the Amended Complaint and proposed Second Amended Complaint are "entirely devoid of any indication of what [Plaintiff] spent or, in fact, of the reasonable value of any services which it may have performed." <u>Martin H. Bauman Associates, Inc. v. H & M Intern. Transport, Inc.</u>, 171 A.D.2d 479, 486, 567 N.Y.S.2d 404 (1st Dept. 1991). Indeed, Plaintiff's cause of action for unjust detriment is "indistinguishable from its first claim for breach of contract," <u>Id.</u>, and both seek $6,220,000.00 in damages, including $3,760,000 in "lost profits caused by Mervyns's breach" (Am. Compl. ¶ 16), and $2,862,000 "as further consequence for the breach of Mervyns's contractual commitment . . . ." (Am. Compl. ¶ 17); <u>see</u> <u>Grappo</u>, 56 F.3d at 433 ("plaintiff's quantum meruit claim [is] 'indistinguishable' from its breach of contract claim"); <u>Atla-Medine v. Crompton Corp.</u>, 2001 WL 170666, at *8 (S.D.N.Y. Feb. 21, 2001) ("it is impossible to distinguish between contract claims, each of which asserts damages of $4,000,000, and the claim for unjust enrichment").

**(4)     Promissory Estoppel Claim**

Plaintiff argues that "there [would be no] futility in adding a claim for promissory estoppel." (Pl. Mem. at 19.) Defendant counters that Plaintiff is attempting to add the promissory estoppel claim "in order to avoid the Statute of Frauds" and "cannot allege the three essential elements of a claim for promissory estoppel." (Reply at 12-13.)

"Promissory estoppel is an alternative theory to breach of contract," <u>Travelers Indem. Co. of Connecticut v. Losco Group, Inc.</u>, 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001), and "requires the plaintiff to prove three elements: 1) a clear and unambiguous promise; 2) reasonable and foreseeable reliance on that promise; and 3) injury to the relying party as a result of the reliance." <u>Kaye v. Grossman</u>, 202 F.3d 611, 615 (2d Cir. 2000).

7

The proposed Second Amended Complaint includes a claim for promissory estoppel and alleges that: 1) Mervyns made a promise "to plac[e] orders for $13 million . . . over an eighteen-month period"; 2) "Great White Bear . . . reasonably relied upon [that promise by] extending a guarantee" to the manufacturer of the clothing; and 3) Great White Bear suffered injury in the form of "the loss of profits and . . . reasonably foreseeable consequential losses." (Second Am. Compl. ¶¶ 28-29.) Although "[a]t this juncture it is difficult to determine the breadth and detail of the promise[], or whether [it] w[as] clear and unambiguous, absent further evidence . . . it cannot be said beyond doubt that Plaintiff can prove no set of facts in support of its claim that would entitle it to relief." DFP Mfg. Corp. v. Northrop Grumman Corp., No. 97-CV4494, 1999 WL 33458384, at *9 (E.D.N.Y. Mar. 23, 1999); see Clarence Beverage, Inc. v. BRL Hardy (USA), Inc., No. 99-CV-0256E, 2000 WL 210205, at *3 (W.D.N.Y. Feb. 8, 2000); NCC Sunday Inserts, Inc. v. World Color Press, Inc., 759 F. Supp. 1004, 1011 (S.D.N.Y. 1991).

**Amended Complaint**

"Rule 15(a) provides that leave to amend a pleading 'shall be freely given when justice so requires.'" Dupree v. Pough, 454 F. Supp. 2d 166, 173 (S.D.N.Y. 2006) (quoting Fed. R. Civ. P. 15(a))  "[W]hen a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss . . . leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

As discussed above, Plaintiff's breach of contract and promissory estoppel claims which are raised in the proposed Second Amended Complaint survive dismissal under Rule 12(b)(6). Accordingly, leave to file a Second Amended Complaint is granted, except as to Plaintiff's claims for breach of the covenant of good faith and fair dealing and unjust detriment which, for the reasons

8


Case 2:06-cv-13358-RMB-FM    Document 30    Filed 04/26/2007    Page 9 of 9

discussed above, are dismissed. See Rissman v. City of New York, 2001 WL 1398655, at *1 (S.D.N.Y. Nov. 9, 2001).

IV.  **Conclusion & Order**

For the reasons stated, Defendant's Motion to dismiss [#18] is granted in part and denied in part, and Plaintiff's Cross Motion to amend the Amended Complaint [#21] is granted in part and denied in part. Plaintiff shall revise, serve and file its Second Amended Complaint, in accordance with this Order, on or before May 9, 2007.

The parties are directed to appear at a status/settlement conference with the Court on May 30, 2007 at 10:30 a.m. in Courtroom 14A of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007. **The Court directs the parties to engage in good faith settlement negotiations prior to the conference with the Court.**

Dated: New York, NY
       April 26, 2007

_RMB_
RICHARD M. BERMAN, U.S.D.J.