UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Great White Bear, LLC,<br><br>                Plaintiff,<br>   -against-<br><br>Mervyns, LLC,<br><br>                Defendant. | 06 Civ. 13358 (RMB)(FM) |

### ANSWER OF DEFENDANT MERVYN'S LLC
### TO PLAINTIFF GREAT WHITE BEAR, LLC'S SECOND AMENDED COMPLAINT

Defendant Mervyn's LLC ("Mervyn's"), by and through its undersigned counsel, hereby answers the Second Amended Complaint of Plaintiff Great White Bear, LLC ("Great White Bear") as follows:

### PARTIES

1. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Second Amended Complaint.

2. Defendant Mervyn's LLC avers that the correct address of its main office is 22301 Foothill Road, Hayward, California 94541, and otherwise admits the allegations set forth in paragraph 2 of the Second Amended Complaint.

### JURISDICTION AND VENUE

3. Defendant admits the allegations set forth in paragraph 3 of the Second Amended Complaint in so far as Plaintiff has alleged damages sufficient to satisfy the jurisdictional pre-requisite.

4. Defendant admits that venue purports to lie in this judicial district pursuant to 28 U.S.C. § 1391(a) and otherwise denies the allegations set forth in paragraph 4 of the Second Amended Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

5. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Second Amended Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Second Amended Complaint.

7. In response to allegations set forth in paragraph 7 of the Second Amended Compliant, Defendant admits that Scott Jeffries in or about January 2005 met with Sandy Fodiman of Great White Bear at Great White Bear's Manhattan offices to discuss placing specific orders for Rampage merchandise with Great White Bear, and except as so admitted denies the remaining allegations set forth in paragraph 7 of the Second Amended Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Second Amended Complaint.

9. In response to allegations set forth in paragraph 9 of the Second Amended Complaint, Defendant admits that Scott Jeffries, at the request of Great White Bear, and representatives of Great White Bear met with Larry Hansel of Rampage, and that they discussed selling Rampage merchandise under a special Rampage label, and Defendant denies information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 9 of the Second Amended Complaint.

10. In response to allegations set forth in paragraph 10 of the Second Amended Complaint, Defendant admits that Great White Bear was set up as a vendor for Mervyn's and that arrangements were made for Great White Bear to sign on to Mervyn's Partners Online, that Scott Jeffries examined Rampage samples and picked out desired samples and quantities for specific purchase orders, and that specific purchase orders were issued to Great White Bear, and except as so admitted Defendant denies knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations set forth in paragraph 10 of the Second Amended Complaint.

11. Defendant denies the allegations set forth in paragraph 11 of the Second Amended Complaint.

12. In response to the allegations set forth in paragraph 12 of the Second Amended Complaint, Defendant admits that Scott Jeffries and Danny Fodiman exchanged emails and that those communications speak for themselves, and Defendant denies the remaining allegations set forth in paragraph 12 of the Second Amended Complaint.

13. In response to the allegations set forth in paragraph 13 of the Second Amended Complaint, Defendant admits that Scott Jeffries moved out of his position at Mervyn's and that Laura Willett and Heather Takagi worked with Great White Bear; Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first clause of the last sentence of paragraph 13 of the Second Amended Complaint; and Defendant denies the remaining allegations set forth in paragraph 13 of the Second Amended Complaint.

14. In response to allegations set forth in paragraph 14 of the Second Amended Complaint, Defendant admits that Michael Wallen, Laura Willett, and Robin Green were scheduled to attend a meeting in or around November 2005 with Great White Bear in New York, and denies the remaining allegations set forth in paragraph 14 of the Second Amended Complaint.

15. In response to allegations set forth in paragraph 15 of the Second Amended Complaint, Defendant avers that it informed Great White Bear it would not place any more orders from Great White Bear in or about December 2005 or January 2006, and further avers that

due to various problems with purchase orders it returned goods and assessed charge-backs, and denies the remaining allegations set forth in paragraph 15 of the Second Amended Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the Second Amended Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the Second Amended Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

18. In response to paragraph 18 of the Second Amended Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 17 of the Second Amended Complaint as if fully set forth herein.

19. Defendant denies the allegations set forth in paragraph 19 of the Second Amended Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Second Amended Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION FOR PROMISSORY ESTOPPEL

21. In response to paragraph 21 of the Second Amended Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 20 of the Second Amended Complaint as if fully set forth herein.

22. Defendant denies the allegations set forth in paragraph 22 of the Second Amended Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

24. The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred in whole or in part by the statute of frauds.

### THIRD AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel, and/or ratification.

### FOURTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred in whole or in part by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred in whole or in part because any alleged damages were caused by the acts or omissions of Plaintiff or third parties over whom or which Mervyn's had and has no control, and the acts or omissions of Plaintiff or third parties were intervening and superseding causes of Plaintiff's alleged injuries or risk of injuries.

### SEVENTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by the contract that governs Mervyn's purchase of goods from Plaintiff.

### RESERVATION OF RIGHTS

Mervyn's hereby gives notice that it may rely upon any additional affirmative defenses that become available or apparent during discovery, and thus reserves the right to amend its answer to assert such additional defenses.

5

WHEREFORE, Defendant Mervyn's LLC respectfully prays that judgment be entered in its favor (i) dismissing the Second Amended Complaint, and all claims and causes of action asserted herein, with prejudice; (ii) awarding Mervyn's its costs, disbursements and reasonable attorneys' fees; and (iii) granting such other and further relief in favor of Mervyn's and against Plaintiff as the Court may deem just and proper.

Dated:  New York, New York
        May 17, 2007

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Lisa T. Simpson (LS-0694)
Rishona Fleishman (RF-5263)
666 Fifth Avenue
New York, NY  10103-0001
212-506-5000

Attorneys for Defendant Mervyn's LLC