# NESENOFF & MILTENBERG, LLP

ATTORNEYS AT LAW
363 SEVENTH AVENUE
FIFTH FLOOR
NEW YORK, NEW YORK 10001-3904

TELEPHONE (212) 736-4500
TELECOPIER (212) 736-2260

IRA S. NESENOFF
ANDREW T. MILTENBERG

PHILIP A. BYLER
ALAN M. SHECTMAN
SHARI S. LASKOWITZ
LAINE A. ARMSTRONG
MEGAN S. GODDARD

PARALEGAL
TANYA C. SIMMONS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/07

*Please take up with Magistrate Judge*

SO ORDERED:
Date: 6/28/07
Richard M. Berman, U.S.D.J.

RECEIVED
JUN 28 2007
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

June 27, 2007

**BY UPS OVERNIGHT MAIL**
The Honorable Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street - Room 650
New York, New York 10007

Re:   *Great White Bear, LLC. v. Mervyns, LLC*
      Index No. 06 Civ. 13358 (S.D.N.Y.)(RMB)

**Dear Judge Berman:**

I am an attorney for the Plaintiff Great White Bear, LLC. ("Plaintiff GWB") in the above-referenced diversity breach of contract action. I submit this letter because there is a basic problem in the document production of Defendant Mervyns, LLC ("Defendant Mervyns") that goes to the integrity of the case and that calls for a conference to discuss appropriate steps to deal with it. I would not make this request were it not for the fact that the problem addressed here is serious.

After reviewing the production made by Defendant Mervyns, I discovered that counsel for Defendant Mervyns had produced no documents to or from Mr. Scott Jeffries, the Senior buyer at Defendant Mervyns who made the subject contract in this case with Plaintiff GWB. The key factual allegations of the Amended Complaint are found at paragraphs 6 through 13, and Scott Jeffries figures prominently in those allegations. It is safe to state that the deposition of Mr. Jeffries, scheduled for this Friday, June 29, is one of the more important depositions in this case. When, however, I questioned counsel for Defendant Mervyns about the lack of documents to or from Mr. Jeffries and the lack of documents from the period when the ocntract was made, the response was that Defendant Mervyns could not locate any such documents due to the document retention policy of Defendant Mervyns and the fact that Scott Jeffries is a former employee.

NESENOFF & MILTENBERG, LLP

**Page -2-**

I will step back at this point in this letter to document the foregoing. At the close of business on Thursday, June 21, 2007, I received a hand delivery of the document production of Defendant Mervyns. (Exhibit A hereto is the cover letter of counsel for Defendant Mervyns.) On Monday, June 25, 2007, I received in the mail the Document Response of Defendant Mervyns. (Exhibit B hereto is Defendant Mervyns's Document Response with date stamp.). I was then in position to review the document production in light of Defendant Mervyns's Document Response. That review prompted me to write a letter to Defendant Mervyns's counsel. (Attached as Exhibit C hereto is a copy of my letter.) Among other questions, I asked: "how is it that, subject to numerous objections, you state in Response to Request No. 2 you will produce 'correspondence, including e-mail and inter-office memoranda, addressed to or sent to Scott Jeffries concerning Plaintiff [Great White Bear]' and yet you don't produce a single e-mail or letter or memoranda by Scott Jeffries?" I also asked: "we have a deposition of Scott Jeffries scheduled for this Friday, June 29 -- did you think that I would not look for what your files show in terms of Scott Jeffries documents and see the absence of not only Scott Jeffries documents but also of any documents from the critical time period in the Amended Complaint?" Defendant Mervyns's counsel responded by letter. (Attached as Exhibit D is a copy of the letter by Defendant Mervyns's counsel.) Defendant Mervyns's counsel stated in pertinent part: "with respect to Scott Jeffries' documents, we have no objection to producing all documents sent to and from Mr. Jeffries concerning GWB, as stated in Mervyn's responses. And we have done so. Due to Mervyn's document retention policy and Mr. Jeffries' status as a former employee, Mervyn's has been unable to locate any additional documents sent to or from Mr. Jeffries concerning GWB." I responded by letter. (Attached as Exhibit E is a copy of my letter.) I stated: "Cut the double talk. You have not produced any documents to or from Mr. Jeffries, and you have not produced any other documents from the critical March-April 2005 time period. You must know that this is a serious problem in the case that must be addressed now."

I am submitting this letter to the Court in order to address this serious problem now. If Defendant Mervyns is not producing key documents that exist, then serious sanctions are in order. If Defendant Mervyns has destroyed documents, then Defendant Mervyns needs to explain that fact, and there needs to be a determination what should happen in this case as a result.

Respectfully submitted,
NESENOFF & MILTENBERG, LLP

By: _____
Philip A. Byler, Esq.

cc:   Orrick, Herrington & Sutcliffe, LLP. - by overnight courier
      (Lisa T. Simpson, Esq./Rishona Fleishman, Esq.)