USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/2/07

MEMO ENDORSED

**O**

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001

tel 212-506-5000
fax 212-506-5151
www.ORRICK.com

June 29, 2007

*BY FACSIMILE*

Lisa T. Simpson
(212) 506-3767
lsimpson@orrick.com

The Honorable Frank Maas
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 740
New York, NY 10007

*The Court will hold a conference on 7/18/07 at 5pm in Courtroom 20A. At least three business days before the conference counsel shall meet and discuss (face-to-face)*

Re: Great White Bear, LLC v. Mervyns, LLC (06 CV 13358) *their discovery*

Dear Magistrate Judge Maas: *disputes, including any issues related to electronic discovery, such as*

We represent Defendant Mervyn's LLC ("Mervyn's") in the above-referenced *The* matter. We received today the order from the Honorable Richard M. Berman referring this matter *availability* to Your Honor for all pretrial matters, including discovery. We submit this letter in response to *of back-up* Plaintiff's letter to Judge Berman, dated June 27, 2007, concerning Mervyn's document production *tapes,* ("Plaintiff's June 27 Letter"). Contrary to Mr. Byler's suggestion, Mervyn's has produced all *etc.* documents in its possession, custody or control responsive to Plaintiff Great White Bear, LLC's ("GWB") requests, including any documents in its possession responsive to those requests that *7/2/07,* concern Scott Jeffries. No documents have been withheld on any grounds. Mr. Byler was informed *USMJ,* of this fact by letter dated June 26, 2007 which is attached as Exhibit D to Plaintiff's June 27 Letter. *6/29/07*

Mr. Byler's suggestion that Mervyn's has not produced any documents from the "critical time period" is also untrue. In fact, Mervyn's has produced over 2500 pages relevant to this dispute, including the contract that governed GWB's and Mervyn's relationship. In order to locate and produce those documents, Mervyn's conducted an extensive and thorough search of all files in its possession, both electronic and hard copy, that could possibly have contained responsive documents. In making his unfounded allegations, Mr. Byler seems to ignore the fact that this litigation was filed over a year and a half after what Mr. Byler refers to as the "critical period," which is a very long time in the retail industry where e-mail particularly is swept and replaced on a very short time schedule pursuant to standard business procedure. In fact, his client, GWB, has produced essentially the same amount of e-mail that Mervyn's has produced in this matter, and notably, has not produced certain e-mails between the parties that Mervyn's has produced.



**ORRICK**

The Honorable Frank Maas
June 29, 2007
Page 2


       While we are unclear exactly what relief Mr. Byler is seeking, any suggestion that Mervyn's document production is somehow incomplete or that sanctions are warranted on these facts is entirely without merit.

Respectfully submitted,

*Lisa T. Simpson*

Lisa T. Simpson

cc:     Philip A. Byler, Esq. (By Facsimile)
       Counsel for Great White Bear, LLC