



ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NEW YORK 10103-0001

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

February 21, 2008

**BY HAND**

Lisa T. Simpson
(212) 506-3767
lsimpson@orrick.com

The Honorable Frank Maas
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 740
New York, NY 10007

Re:   *Great White Bear, LLC v. Mervyns, LLC* (06 CV 13358)

Dear Magistrate Judge Maas:

    We represent Defendant Mervyn's LLC ("Mervyn's") in the above-referenced matter. On January 21, 2008, pursuant to Your Honor's amended Order, plaintiff Great White Bear, LLC ("GWB") served two expert witness reports on Defendant, one by Larry Lazar, an industry witness, and the other a damages report by Stephen Rankel. Both of Plaintiff's reports failed to meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

    We write to request (1) a firm date for the production of Plaintiff's promised supplemental report from its damages witness, Mr. Rankel; and (2) an extension to a reasonable date thereafter (Defendant would propose 20 days) for Defendant to serve its expert reports.

    On February 6, 2008, Defendant sent a letter to counsel for GWB identifying the deficiencies in Plaintiff's expert reports and requesting that Plaintiff immediately provide reports in conformity with the requirement of Rule 26 so that Mervyn's expert witnesses could proceed to prepare their responsive reports. That letter is attached hereto as Exhibit A. Plaintiff's counsel responded by letter dated February 11, 2008 (but faxed February 13), attached as Exhibit B hereto, informally providing some of the information requested and agreeing to provide supplemental reports. By letter dated February 19, attached hereto as Exhibit C, Defendant indicated that it would await the promised supplemental reports so that Defendant's expert witnesses could perform a meaningful analysis and response. Defendant further requested that Plaintiff provide the date on which it would produce the supplemental reports and requested that Plaintiff agree to a reasonable date thereafter for Defendant to submit its expert witness reports. Thereafter, the parties engaged in the e-mail traffic attached as Exhibit D, and Plaintiff thereafter provided, on February 20, 2008, a supplemental report for one of its two expert witnesses, Larry Lazar. Plaintiff promised to provide the supplemental report of its damages witness "shortly."

Case 2:06-cv-13358-RMB-FM   Document 47   Filed 02/25/2008   Page 2 of 2

**ORRICK**

The Honorable Frank Maas
February 21, 2008
Page 2

Defendant's expert witness reports are currently due next Wednesday, February 27, 2008, and Defendant has yet to receive a complete report pursuant to Rule 26 from Plaintiff's damages witness. Defendant's expert witnesses, and particularly Defendant's financial expert witness, cannot meaningfully analyze or respond to Plaintiff's damages report in its current form. Plaintiff's damages report is attached hereto as Exhibit E. As is quickly apparent from a review of the report, it is lacking numerous of the requirements of Rule 26. Most noticeably, the damages figures provided are completely unsupported by any documentation, yet Mr. Rankel states that the information "was abstracted from Great White Bear, LLC financial records and documents." This general reference to financial records is not sufficient. If documents exist which support Mr. Rankel's figures, and he has relied on those documents in forming his opinion, Defendant is entitled to know what those documents are with specificity.

Defendant therefore requests a date certain for the production of Plaintiff's supplemental damages report and an extension of the due date for Defendant's expert witness reports[1] to a date 20 days following the production of Plaintiff's supplemental report (and that the remainder of the expert witness deadlines be adjusted accordingly).

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Lisa Simpson /jf*

Lisa T. Simpson

cc: Philip A. Byler, Esq. (By Hand)
Counsel for Great White Bear, LLC

---

[1] Since it is expected that Defendant's industry witness also can speak to certain aspects of Plaintiff's damages report, Defendant requests that the deadline for all of Defendant's expert reports be extended so that Defendant's expert witnesses can each sufficiently review and analyze the supplemental damage report expected from Plaintiff.

---

*Handwritten annotations:*

Ms. Simpson's objections appear to be mere technicalities, as suggested in Mr. Byler's 2/25/08 letter. Indeed, she indicates that plaintiff's financial expert has not sufficiently identified the materials upon which he relies — information more important than a list of prior cases and publications. In any event, complying initially might have obviated Mervyn's objections.

Great White Bear is directed to complete its expert disclosures by March 14, 2008; defendant Mervyn's reports shall be due by April 4, 2008 (together with all the other materials required by Rule 2[6](a)(2)). The pre-trial shall be held (by telephone) as previously scheduled on March 31, 2008 at 10 AM.

Fukas, USMJ, 2/25/08