USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/08

**MEMO ENDORSED**

# NESENOFF & MILTENBERG, LLP
ATTORNEYS AT LAW
363 SEVENTH AVENUE
FIFTH FLOOR
NEW YORK, NEW YORK 10001-3904

TELEPHONE (212) 736-4500
TELECOPIER (212) 736-2260

IRA S. NESENOFF
ANDREW T. MILTENBERG

PHILIP A. BYLER
ALAN M. SHECTMAN
SHARI S. LASKOWITZ
LAINE A. ARMSTRONG
MEGAN S. GODDARD
ANDREW B. PLOTKIN

PARALEGAL
TANYA C. SIMMONS

March 21, 2008

[Handwritten endorsement:] The Court will hold a telephone conference on April 8, 2008 at 2pm to discuss Mr. Rankel's report. If Mr. Byler wishes to supplement this letter, he should do so by 4/2/08. Ms. Simpson should initiate the call. Also, if the date/time indicated are inconvenient, counsel should place a conference call to Chambers to reschedule. FMaas, USMJ, 3/24/[08]

**RECEIVED MAR 24 [2008] FRANK MAAS U.S. MAGISTRATE JUDGE**

**By Overnight Courier, By Hand & Telecopier: 212-805-6724**
The Honorable Frank Maas
United States Magistrate Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street - Room 740
New York, New York 10007

Re: ***Great White Bear, LLC. v. Mervyns, LLC***
    **Index No. 06 Civ. 13358 (S.D.N.Y.)(RMB)**

Dear Judge Maas:

I am an attorney for the Plaintiff Great White Bear, LLC. ("Plaintiff GWB") in the above-referenced diversity breach of contract action. I submit this letter in preliminary response to the letter dated March 21, 2008, by Lisa T. Simpson, Esq., attorney for Defendant Mervyns, LLC ("Defendant Mervyns"), requesting a conference in anticipation of making a meritless motion to strike the expert report of Stephen J. Rankel, CPA, the damages expert for Plaintiff Mervyns. At the outset, it must be noted that Ms. Simpson cites no case law authority for the drastic unjustified step she takes, and I submit there is no justification for proposing the motion in the first place, as explained below.

First, I must note that this is "Good" Friday for me, and I was about to leave my office when out of the blue at 1:30 PM, I was handed the letter of Ms. Simpson; and I happen to be scheduled to take a flight early Monday morning, March 24, to Los Angeles to handle a hearing in Los Angeles in the Central District of California federal court on Tuesday, March 25. So, it was by happenstance that I received the Simpson letter, which did come out of the blue because at no time did Ms. Simpson raise with me any of the issues that she now raises with the Court. Had she done so, we would undoubtedly have been able to work out a solution. But that, I submit, would not serve Defendant Mervyns's apparent strategy of seeking to avoid dealing with the consequences of the breach of contract in this case. What does serve Defendant Mervyns's strategy is to take a shot at trying to prevent Plaintiff GWB from presenting qualified expert testimony on damages by a certified public accountant who knows the finances of Plaintiff GWB and who has shown in his report that the damages are in excess of $6.6

**MEMO ENDORSED**

NESENOFF & MILTENBERG, LLP

**Page -2-**

million.

Ms. Simpson's proposed motion is clearly unjustified. The Rankel report, as supplemented, satisfies Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. That Rule requires that an expert report contain the following:

> "(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

> "(ii) the data or other information considered by the witness in forming them;

> "(iii) any exhibits that will be used to summarize or support them;

> "(iv) the witness's qualifications, including a list of all publications authored in the previous ten years;

> "(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

> "(vi) a statement of the compensation to be paid for the study and testimony in the case."

When I sent the second supplement to Ms. Simpson, I stated in my cover letter that the Rankel letter satisfied all six requirements. Attached as Exhibit A is a copy of my letter. Ms. Simpson thereafter did not with me dispute my statement of compliance, as my letter requests if she did, and even now does not dispute that the Rankel report fully satisfies requirements (i), (iii), (iv), (v) and (vi).

Yet, Ms. Simpson wants to try to stop Plaintiff GWB from proving its damages case with testimony by a certified public accountant who knows the finances of Plaintiff GWB because, while Mr. Rankel does provide in his report a statement of "the data or other information considered by the witness in forming [his opinions]", which is requirement (ii) in the Rule, Ms. Simpson argues that more detailed information should be provided as to five of eleven damage items. Specifically, Ms. Simpson reviews the data provided as to additional employee expense, travel, loss opportunity costs, showroom expense and overseas deposits -- which constitute $1.9 million of the $6.6 million in total damages, or about 29% of the total damages -- and says that more detail should be required in the report as to five of the eleven damage items.

As to the additional employees expense item, Mr. Rankel does explain that the basis of the damage item in footnote 6 in Exhibit B of his original Rankel report (Exhibit A to the Simpson letter) and is explained further in Exhibit E to the Rankel report (Exhibit E to the Simpson letter) as based on the additional employees hired as a result of the start up efforts for the Mervyns line.

As to the travel item, Mr. Rankel does explain that the basis of the damage item in footnote 8 in Exhibit B of his original Rankel report (Exhibit A to the Simpson letter) and is explained further in

NESENOFF & MILTENBERG, LLP

**Page -3-**

Exhibit E to the Rankel report (Exhibit E to the Simpson letter) as based on the travel expense that had to be incurred to review foreign factories that were producing the garments.

As to the lost opportunity costs item, Mr. Rankel does explain that the basis of the damage item in footnote 9 in Exhibit B of his original Rankel report (Exhibit A to the Simpson letter) and is explained further in Exhibit E to the Rankel report (Exhibit E to the Simpson letter) as based on the loss of customers and bad will with other customers because of the focus on the Mervyns line and resulting problems with Mervyns.

As to the showroom expense item, Mr. Rankel does explain that the basis of the damage item in footnote 10 in Exhibit B of his original Rankel report (Exhibit A to the Simpson letter) and is explained further in Exhibit E to the Rankel report (Exhibit E to the Simpson letter) as based on the new lease to support the Mervyns work and references documentation.

As to the overseas deposits item, Mr. Rankel does explain that the basis of the damage item in footnote 11 in Exhibit B of his original Rankel report (Exhibit A to the Simpson letter) and is explained further in Exhibit E to the Rankel report (Exhibit E to the Simpson letter) as based on payment of funds to suppliers before the delivery of merchandise because of the use of new factories.

As to these five items, Ms. Simpson's complaint is not that Mr. Rankel does not state any data or information in forming his opinion; the footnote format of Exhibit B to the original Rankel report and the supplemental information in Exhibit E to the Rankel report precludes that extreme a position. Ms. Simpson says, rather, that the report should have more. What Ms. Simpson complains about, however, can constitute the basis of questioning at a deposition of Mr. Rankel that it has always been contemplated that Defendant Mervyns would have. Nevertheless, as I stated above, if Ms. Simpson had raised these items with me, I would have worked out a solution, no doubt providing at least some of the information and perhaps all, and not stood on my sincerely held legal position that the Rankel report as is fully satisfies Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

While Ms. Simpson says that Rule 26, as it relates to expert witness disclosure, was intended to prevent this situation with respect to the Rankel report, that is not true at all. She cites no case law supporting her complaint, and there is nothing that does support it. It was certainly not the intention of Rule 26, as it pertains to expert disclosure, to frustrate the litigation of a case on the substantive merits; and that is what Defendant Mervyns's proposed motion would do. In contrast, in my experience over the years, expert discovery has always involved a flexible interaction between counsel, which make sense if counsel are suppose to cooperate in federal court discovery and discovery is to aid in the just adjudication of case.

I will be back in New York on Wednesday, albeit after a flight from Los Angeles. I will be glad to address then a way of disposing of Ms. Simpson's complaint without further ado. I do, however, take strong exception to the proposed motion of Ms. Simpson. It is time instead for Defendants Mervyns to get its expert reports done, so that the parties can proceed to complete expert discovery and then, if we don't have a settlement, to have the case tried before the Honorable Judge Richard M. Berman.

NESENOFF & MILTENBERG, LLP

**Page -4-**

    Because this letter is written in the circumstances described on the first page of this letter, I reserve the right to supplement my response on my return from Los Angeles.

                                                                   **Respectfully submitted,**
                                                                   **NESENOFF & MILTENBERG, LLP**

                                                      By: _____
                                                              Philip A. Byler, Esq.

cc:    Orrick, Herrington & Sutcliffe, LLP. - by telecopier
        *(Lisa T. Simpson, Esq./Rishona Fleishman, Esq.)*

# NESENOFF & MILTENBERG, LLP
ATTORNEYS AT LAW
363 SEVENTH AVENUE
FIFTH FLOOR
NEW YORK, NEW YORK 10001-3904

TELEPHONE (212) 736-4500
TELECOPIER (212) 736-2260

IRA S. NESENOFF
ANDREW T. MILTENBERG

PHILIP A. BYLER
ALAN M SHECTMAN
SHARI S LASKOWITZ
LAINE A. ARMSTRONG
MEGAN S GODDARD
ANDREW B. PLOTKIN

PARALEGAL

TANYA C. SIMMONS

**March 14, 2008**

**BY OVERNIGHT**
Lisa T. Simpson, Esq.
Orrick, Herrington & Sutcliffe, LLP.
666 Fifth Avenue
New York, New York 10103

Re:   *Great White Bear v. Mervyns, LLC,*
      **Index No. 06 Civ. 13358 (S.D.N.Y.)(RMB)**

Dear Lisa:

Enclosed is a second supplement to the expert report of Stephen J. Rankel. With this supplementation, there can be no reasonably raised issue about the compliance with the Rankel Report with Rule 26(a)(B). The report does contain: (i) a complete statement of all opinions that the witness will express and the basis and reasons for them; (ii) the data considered by the expert witness; (iii) the exhibits that summarize his testimony; (iv) the witness's qualifications, including a statement about publications; (v) a statement concerning prior expert testimony; and (vi) a statement on compensation. The enclosed second supplementation provides an amplification as to each item of damage in the Exhibit B Chart (which already had footnotes).

If you have any questions or problems with respect to the foregoing, please raise them with me.

Very truly yours,
NESENOFF & MILTENBERG, LLP

By: _____
Philip A. Byler, Esq.