**ORRICK**

**MEMO ENDORSED**

*[Handwritten note:]* Pl to respond with 2-3 pp letter by 4/7/08. (I thought we already had a MTD.)

**SO ORDERED:**
Date: 4/2/08
*[signature]*
**Richard M. Berman, U.S.D.J.**

APR 02 2008

April 2, 2008

**BY HAND**

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 650
New York, NY 10007

Lisa T. Simpson
(212) 506-3767
lsimpson@orrick.com

Re:   Great White Bear, LLC v. Mervyn's, LLC (06 CV 13358)

Dear Judge Berman:

We write on behalf of Mervyn's LLC ("Mervyn's"), Defendant in the above-referenced matter, pursuant to Your Honor's individual rules to request a pre-motion conference. Documents recently produced for the first time by Plaintiff Great White Bear, LLC ("GWB") make evident that GWB is not the real party in interest in this case and that GWB lacks standing as plaintiff to assert the claims it has brought against Mervyn's. These newly discovered facts, combined with the bad faith, and likely fraud, that these documents evidence, support the dismissal of this action in its entirety pursuant to Federal Rule of Civil Procedure ("FRCP") 17.

The documents produced by GWB to date reveal the following[1]:

- Due to GWB's default on its obligations to its Factor, IDB, GWB transferred all of its assets to IDB by Letter dated September 25, 2006. *See* Exhibit B. This "peaceful possession" occurred more than six months after all dealings between GWB and Mervyn's had been terminated and well after any claim against Mervyn's arose. (The parties are in general agreement that the relationship between Mervyn's and GWB ended in or around January 2006). This document was executed by Danny Fodiman, Robert Fodiman, and Sandy Fodiman. The amount owed to IDB and on which GWB defaulted was $3.6 million.

- The collateral in which IDB held a first priority security interest and over which IDB took control by virtue of the peaceful possession included GWB's "tangible and intangible personal

---

[1] The history surrounding GWB's recent production of documents relevant to this issue is summarized here: On November 27, 2007, Danny Fodiman, President of GWB, testified at deposition that GWB entered into a "peaceful possession" with its secured creditor IDB Factors Division of Israel Discount Bank of New York ("IDB"). He further testified to the transfer of assets from GWB to GWB II, a relatively new company that is not a party to this action and did not even exist when GWB and Mervyn's did business. In connection with these discussions, Mr. Fodiman identified an Asset Purchase Agreement and a letter that was sent to all creditors of GWB explaining the peaceful possession to them. Defendant Mervyn's requested production of those documents at deposition and made follow-up requests for those and other relevant documents by phone and by multiple letters over the next several months. In response, GWB produced the documents attached hereto, with its most recent production occurring on March 13, 2008. A complete set of the letter correspondence on this issue is attached hereto as Exhibit A.


ORRICK

The Honorable Richard M. Berman
April 2, 2008
Page 2

    property, including accounts, contract rights, documents, instruments, chattel paper, real property leases, general intangibles (including . . . purchase orders, vendor numbers . . .), inventory . . . [and] books and records . . . ." *See* Exhibit B. Any claim against Mervyn's would have been included in this transfer.

- In a letter to its unsecured creditors, a sample of which is attached hereto as Exhibit C, GWB's counsel advised GWB's unsecured creditors that "[t]he Debtor [GWB] . . . gave peaceful possession of all its assets to IDB" and that "[o]n September 25, 2006 the Debtor [GWB] ceased operating and ceased possession of any of its assets."

    The letter further advised the unsecured creditors that even after taking possession of the assets, IDB would still suffer a loss of $1,150,000 and that there would therefore be no funds left to pay unsecured debt. The recipients of the letter would therefore receive nothing on their claims. *See* Exhibit C. There is no mention in the letter to unsecured creditors that GWB believed it had an alleged $6.2 million contract claim against Mervyn's. In fact, none of the documents reflect any disclosure of this purported claim.

- In the recently produced Asset Purchase Agreement and related Secured Bill of Sale between IDB and Sanford Fodiman, it appears as though IDB may then have transferred all of the GWB assets to Sandy Fodiman, individually, for $650,000 (at a loss to IDB). *See* Exhibit D and Exhibit E.

GWB commenced this litigation against Mervyn's in November of 2006 asserting claims allegedly worth $6.2 million, merely two months after discharging all its debts by its peaceful possession transaction. But the produced documents show that GWB did not hold the right to sue Mervyn's when it started this case. In fact, the same counsel representing GWB here, Nesenoff & Miltenberg, has taken the position in other litigation that GWB holds no assets at all. In that case, a GWB creditor seeks to enforce a N.Y. Supreme Court judgment. The enforcement action names GWB II, Danny Fodiman, and Robert Fodiman as defendants and asserts that GWB improperly and in violation of N.Y. Debtor and Creditor Law transferred its assets from GWB to GWB II to avoid creditors. In an attempt to avoid that judgment, GWB II filed an Answer, in September 2007, asserting this affirmative defense:

- "Judgment debtor GWB, LLC surrendered possession of *all* its assets to Israel Discount Bank of New York, by peaceful possession, pursuant to the Uniform Commercial Code § 9-260, et. seq." *See* Exhibit F, Fourth Affirmative Defense in Answer to Complaint, dated September 26,


ORRICK

The Honorable Richard M. Berman
April 2, 2008
Page 3

2007 in *Om Overseas, LLC v. Robert Fodiman, Daniel Fodiman and GWB II, LLC* (No. 602766/07) (N.Y. Sup.) (emphasis added).[2]

Since GWB transferred all of its assets to IDB before it started this case and no longer holds any such assets, it cannot be the real party in interest in this action, as required by FRCP 17. *See In re Alvaro*, 2005 WL 3789132, *8 (Bankr. S.D.N.Y. Apr. 5, 2005) (case dismissed where plaintiff was not the real party in interest and lacked clean hands due to a "classic fraudulent conveyance" to avoid creditors); *Feist v. Consol. Freightways Corp.*, 100 F. Supp. 2d 273, 280-81 (E.D.Pa. 1999), *aff'd*, 216 F.3d 1075 (3d Cir. 2000), *cert. denied*, 532 U.S. 920 (2001) (FRCP 17 required dismissal where plaintiff in bad faith filed the action at issue only after his debts had been discharged in bankruptcy). Here, the recently produced documents show that GWB was knowingly and inappropriately named as plaintiff in this action and that this action was brought against Mervyn's only after GWB attempted to discharge its obligations to creditors such that any recovery on the alleged $6.2 million claim would go directly and solely to GWB and its principals.

Mervyn's respectfully requests a conference to discuss a motion to dismiss this action in its entirety pursuant to FRCP 17. If convenient for the Court, Mervyn's would be amenable to discussing its motion at the scheduled April 16, 2008 conference in this matter.

Respectfully submitted,

Lisa T. Simpson

cc:    Philip A. Byler, Esq. (By Hand)
       Counsel for Great White Bear, LLC

---

[2] In addition, it should be noted that GWB's corporate status in New Jersey appears to be revoked, and Defendant has been unable to locate any evidence that GWB maintains a certificate of authority, as a foreign limited liability company, to do business in New York. Without such certificate of authority, GWB "may not maintain any action, suit or special proceeding in any court of this state unless and until such limited liability company shall have received a certificate of authority in this state." *See* N.Y. Ltd. Liab. Co. Law § 808(a).