Lisa T. Simpson
Rishona Fleishman
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0001
Telephone: (212) 506-5000

Attorneys for Defendant
Mervyn's LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Great White Bear, LLC,<br><br>　　　　Plaintiff,<br><br>　　-against-<br><br>Mervyns, LLC,<br><br>　　　　Defendant. | 06 Civ. 13358 (RMB)(FM)<br><br>**DECLARATION OF**<br>**LISA T. SIMPSON** |

　　　　LISA T. SIMPSON declares:

　　　　1.　　I am a member of the Bar of this Court and of the firm Orrick, Herrington & Sutcliffe LLP, attorneys for Defendant Mervyn's LLC ("Mervyn's") in this action. I submit this declaration in support of Mervyn's' motion pursuant to Rule 26(a)(2)(B), Rule 37(b)(2), and Rule 37(c)(1) of the Federal Rules of Civil Procedure ("FRCP") to strike Items 3, 4, 5, 6, 7, and 8 from the expert report of Stephen J. Rankel, dated April 10, 2008, and to preclude Plaintiff Great White Bear, LLC ("GWB") from relying on Mr. Rankel's testimony with regard to those alleged Items of damages. Mervyn's further seeks to recover costs and fees incurred by Mervyn's in preparing this motion, the two applications made to the Court regarding GWB's

insufficient expert reports, dated February 21, 2008 and March 21, 2008, and the three letters, dated February 6, 2008, February 19, 2008, and March 6, 2008, sent to GWB's counsel regarding GWB's insufficient expert reports.

2. Attached hereto as Exhibit A is a true and correct copy of the first version of the expert report of Stephen J. Rankel, dated January 21, 2008.

3. Attached hereto as Exhibit B is a true and correct copy of my letter, dated February 6, 2008, to Philip Byler, counsel for GWB, identifying the deficiencies in GWB's expert reports and requesting that GWB immediately provide reports in conformity with the requirements of FRCP 26.

4. Attached hereto as Exhibit C is a true and correct copy of Mr. Byler's letter, dated February 11, 2008 (but faxed February 13, 2008), informally providing some of the information requested in my February 6, 2008 letter and agreeing to provide supplemental reports.

5. Attached hereto as Exhibit D is a true and correct copy of my letter to Mr. Byler, dated February 19, 2008, indicating that Mervyn's would await the promised supplemental reports so that Mervyn's' expert witnesses could perform a meaningful analysis and response.

6. Attached hereto as Exhibit E is a true and correct copy of email traffic between me and Mr. Byler on February 19 and 20, 2008 regarding supplementation of GWB's original expert reports.

7. Attached hereto as Exhibit F is a true and correct copy of Mr. Byler's letter, dated February 20, 2008, assuring the production of a supplemental report by Mr. Rankel "shortly."

8. Attached hereto as Exhibit G is a true and correct copy of Mervyn's' application to the Court (without exhibits), dated February 21, 2008 requesting that the Court (1) set a firm

date for the production of GWB's promised supplemental report from Mr. Rankel; and (2) extend to a reasonable date thereafter Mervyn's' deadline to serve its expert reports.

9. Attached hereto as Exhibit H is a true and correct copy of the Court's Order, dated February 25, 2008, directing GWB to provide "complete" expert disclosure to Mervyn's by March 14, 2008.

10. Attached hereto as Exhibit I is a true and correct copy of the supplemental expert report of Mr. Rankel, dated February 20, 2008, and received February 29, 2008.

11. Attached hereto as Exhibit J is a true and correct copy of my letter to Mr. Byler, dated March 6, 2008, advising that Mr. Rankel's supplemental report remained deficient.

12. Attached hereto as Exhibit K is a true and correct copy of GWB's second supplemental expert report of Mr. Rankel, dated March 13, 2008, and received March 17, 2008.

13. Attached hereto as Exhibit L is a true and correct copy of Mervyn's' application to the Court (without exhibits), dated March 21, 2008, requesting that Mervyn's be allowed to make a motion pursuant to FRCP 37 to strike the expert report of Mr. Rankel and preclude GWB's reliance on that report or any related testimony, as well as to seek sanctions, in the form of costs and attorneys' fees, for GWB's failure to comply with FRCP 26 and the Court's February 25, 2008 Order.

14. Attached hereto as Exhibit M is a true and correct copy of Mr. Byler's letter, dated April 8, 2008 (faxed less than an hour prior to the scheduled conference with the Court regarding Mervyn's' March 21, 2008 application), enclosing yet another supplement to Mr. Rankel's report.

15. Attached hereto as Exhibit N is a true and correct copy of the Court's Order, dated April 8, 2008, directing GWB to provide Mervyn's with a "<u>final</u>" report from Mr. Rankel by April 10, 2008 at 5:00 p.m.

16. Attached hereto as Exhibit O is a true and correct copy of GWB's final expert report of Mr. Rankel, dated April 10, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York on April 17, 2008.

_____
Lisa T. Simpson