UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Great White Bear, LLC,<br><br>      Plaintiff,<br><br>  -against-<br><br>Mervyns, LLC,<br><br>      Defendant. | 06 Civ. 13358 (RMB)(FM) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE ITEMS 3, 4, 5, 6, 7, AND 8
FROM THE EXPERT REPORT OF STEPHEN J. RANKEL AND FOR FEES AND COSTS
RESULTING FROM PLAINTIFF'S FAILURE TO COMPLY WITH FRCP 26**

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0001
212-506-5000

Attorneys for Defendant
Mervyn's LLC

**TABLE OF CONTENTS**

                                                                                                    **Page**

PROCEDURAL HISTORY ............................................................................................... 1

ARGUMENT ..................................................................................................................... 4

I.     THE APRIL 10 REPORT OF MR. RANKEL
       FAILS TO MEET THE REQUIREMENTS OF FRCP 26 .................................. 4

       A.     The Court Should Strike Items 4, 5, and 6 Because
              The April 10 Report Fails to Cite to Any Supporting
              Documentation or Any Basis for the Claimed Amounts ......................... 5

       B.     The Court Should Strike Items 3, 7, and 8 As Mr. Rankel Sets
              Forth No Basis or Relevant Documentation to Support the Claims ........ 7

II.    ITEMS 3-8 OF THE APRIL 10 REPORT SHOULD BE
      STRICKEN AND ATTORNEYS' FEES AND COSTS AWARDED ............... 9

CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

Page

## CASES

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993).................................................................................................5

*Koppell v. New York State Bd. of Elections*,
  97 F. Supp. 2d 477 (S.D.N.Y. 2000).................................................................5, 10

*Lava Trading Inc. v. Hartford Fire Ins. Co.*,
  No. 03 Civ. 7037, 2005 WL 4684238 (S.D.N.Y. Apr. 11, 2005)...........................4

*Maurizio v. Goldsmith*,
  No. 96 Civ. 4332, 2002 WL 535146 (S.D.N.Y. Apr. 9, 2002).........................5, 10

*Rouson v. Eicoff*,
  No. 04 Civ. 2784, 2007 WL 1827422 (E.D.N.Y. June 25, 2007) ........................10

*Venite v. St. Luke's/Roosevelt Hosp.*,
  No. 01 Civ. 4067, 2002 WL 1461493 (S.D.N.Y. July 3, 2002) ............................9

*Williams v. County of Orange*,
  No. 03 Civ. 5182, 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005).........................10

## FEDERAL STATUTES

Fed. R. Civ. P. 26(a)(2)(B) ............................................................................... *passim*

Fed. R. Civ. P. 37(b)(2)..................................................................................... *passim*

Fed. R. Civ. P. 37(c) ......................................................................................... *passim*

Defendant Mervyn's LLC ("Mervyn's") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 26(a)(2)(B), Rule 37(b)(2) and Rule 37(c)(1) of the Federal Rules of Civil Procedure ("FRCP"), to strike Items 3, 4, 5, 6, 7, and 8 of the expert report of Plaintiff's damages witness Stephen J. Rankel, and to preclude Plaintiff's reliance on any testimony concerning those alleged Items of damages by Mr. Rankel. Mervyn's further seeks sanctions in the form of legal fees and costs incurred by Mervyn's associated with the preparation of this motion, the two applications made to the Court regarding Plaintiff's insufficient expert reports, dated February 21, 2008 and March 21, 2008, and the three letters to Plaintiff's counsel regarding Plaintiff's insufficient expert reports, dated February 6, 2008, February 19, 2008, and March 6, 2008.

## PROCEDURAL HISTORY

On January 21, 2008, pursuant to the Court's amended Order, Plaintiff Great White Bear, LLC ("GWB") served two expert reports on Mervyn's, one by Laurence P. Lazar, an industry witness, and the other a damages report by Stephen J. Rankel. Both of GWB's reports failed to meet the requirements of FRCP 26(a)(2)(B).[1] Mr. Rankel's initial report is attached hereto as Exhibit A to the Declaration of Lisa T. Simpson, dated April 17, 2008 ("Simpson Decl."). On February 6, 2008, Mervyn's sent a letter to counsel for GWB identifying the deficiencies in GWB's expert reports and requesting that GWB immediately provide reports in conformity with the requirements of FRCP 26 so that Mervyn's' expert witnesses could proceed to prepare their responsive reports. *See* Simpson Decl. Ex. B. GWB's counsel responded by letter dated February 11, 2008 (but faxed February 13, 2008), informally providing some of the information requested and agreeing to provide supplemental reports. *See* Simpson

---

[1] Here, Mervyn's does not raise the sufficiency of GWB's FRCP 26 expert report for GWB's industry expert, Laurence P. Lazar. However, Mervyn's reserves the right to move to exclude Mr. Lazar's opinions following his deposition, if deemed warranted and appropriate at that time.

Decl. Ex. C. By letter dated February 19, 2008, Mervyn's indicated that it would await the promised supplemental reports so that Mervyn's' expert witnesses could perform a meaningful analysis and provide a response. *See* Simpson Decl. Ex. D. Mervyn's requested that GWB provide a date on which it would produce its supplemental reports and further requested that GWB agree to a reasonable date thereafter for Mervyn's to submit its own expert witness reports. Thereafter, the parties exchanged emails on the subject of GWB's reports (*see* Simpson Decl. Ex. E), and GWB provided, on February 20, 2008, a supplemental report of one of its two expert witnesses, Laurence P. Lazar, promising to provide the supplemental report of its damages witness "shortly." *See* Simpson Decl. Ex. F.

With the deadline for Mervyn's' expert reports rapidly approaching and having yet to receive a complete report from Mr. Rankel, on February 21, 2008, Mervyn's made an application to the Court requesting that the Court (1) set a firm date for the production of GWB's promised supplemental report from its damages witness, Mr. Rankel; and (2) provide an extension of the deadline for Defendant to serve its expert reports to a reasonable date thereafter. *See* Simpson Decl. Ex. G. On February 25, 2008, in response to Mervyn's' request, the Court ordered GWB to provide Mervyn's with "complete" expert reports by March 14, 2008 ("the February 25 Order"). *See* Simpson Decl. Ex. H.

On February 29, 2008, GWB provided Mervyn's with a supplemental damages report from Mr. Rankel. *See* Simpson Decl. ¶ 10 and Ex. I. Again, this report was insufficient and counsel for GWB was so advised in a letter dated March 6, 2008. *See* Simpson Decl. Ex. J. On March 17, 2008, Mervyn's received Mr. Rankel's second supplemental damages report. *See* Simpson Decl. ¶12 and Ex. K. The second supplemental report, representing GWB's *third*

2

attempt to satisfy FRCP 26, again failed to comply with FRCP 26 and was also in violation of the Court's February 25 Order.

On March 21, 2008, Mervyn's made an application to the Court requesting that Mervyn's be allowed to make a motion pursuant to FRCP 37(b)(2) and FRCP 37(c) to strike the expert report of Mr. Rankel and preclude GWB's reliance on that report or any related testimony. Mervyn's also sought the recovery of expenses, including attorneys' fees, for GWB's failure to comply with FRCP 26 and the Court's February 25 Order. *See* Simpson Decl. Ex. L. On April 8, 2008, the Court held a telephone conference during which the Court, generously providing GWB with yet another chance to provide a compliant report, ordered GWB to provide Mervyn's with a "<u>final</u> expert report, together with any necessary schedules and other documentation" by 5:00 pm on April 10, 2008 ("the April 8 Order").[2] *See* Simpson Decl. Ex. N.

On April 10, 2008, Mervyn's received Mr. Rankel's final damages report (the "April 10 Report"). *See* Simpson Decl. Ex. O. The April 10 Report, while certainly increased in heft, is not improved in substance.[3] Although GWB appropriately removed three categories of damages for which it had absolutely no support -- unjustified chargebacks, travel, and showroom deposits, valued at $225,000, $12,000, and $400,000 respectively -- and made adjustments to other amounts, GWB's *fourth* attempt at providing a report in compliance with FRCP 26 fails yet

---

[2] Less than an hour before the parties' pre-scheduled telephonic conference on April 8, 2008 with Magistrate Judge Maas, GWB faxed yet another untimely and inadequate supplement to Mr. Rankel's report. *See* Simpson Decl. Ex. M. Given the Court's April 8 Order, there was no need to review or consider this supplement.

[3] Aside from the FRCP 26 deficiencies that are the subject of this motion, the April 10 Report's assembly is confusing at best. Besides the innumerable typos found throughout the April 10 Report, Mr. Rankel misnumbers his damages "Items." In the body of the April 10 Report, the damages "Items" are numbered 1, 2, 3, 4, 5, 7, 8, and 9, while in the Summary of Damages Chart, the damages "Items" are consecutively numbered from 1-8. References to the "Item" numbers herein will correspond to the consecutively numbered list of damages found in the Summary of Damages Chart on page 5 of the April 10 Report. *See* Simpson Decl. Ex. O.
    In addition, Mr. Rankel's April 10 Report provides Exhibit numbers that are not consecutive. Mr. Rankel cites to Exhibits 1, 2, 4, 9 and 11 in his Report and then provides documentation behind tabs that are titled Exhibit 1, Exhibit 2, Exhibit 4, Exhibit 7, and Exhibit 8. It appears that the citation to Exhibit 9 in the April 10 Report can be found behind tab Exhibit 7 and that the citation to Exhibit 11 in the April 10 Report can be found behind tab Exhibit 8.

again. Numerous Items remain for which Mr. Rankel provides no basis for his numbers and no indication of what he relied on to reach those numbers.

## ARGUMENT

### I.

### THE APRIL 10 REPORT OF MR. RANKEL FAILS TO MEET THE REQUIREMENTS OF FRCP 26

The expert witness disclosures required by FRCP 26 are supposed to be complete and detailed. *See* FRCP 26(a)(2)(B), 1993 Advisory Committee Notes, at 161 (West 2008). In fact, FRCP 26 states that written reports must be provided *before* conducting the testifying expert's deposition, precisely so that the deposition will be able to *test* the opinions of the expert and their bases, and not be an exercise in trying to discover what opinions the expert holds or what the expert has based those opinions on. *See* FRCP Rule 26(b)(4)(A); *see also Lava Trading Inc. v. Hartford Fire Ins. Co.*, No. 03 Civ. 7037, 2005 WL 4684238, at *7 (S.D.N.Y. Apr. 11, 2005) (in requiring "detailed and complete" disclosures, "the drafters anticipated that depositions would be significantly shortened and narrowed, and in some cases … might be entirely obviated."). To meet these ends, FRCP 26(a)(2)(B) specifically requires that an expert report contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

As set forth below, Mr. Rankel's April 10 Report fails to provide the "basis" for his damages conclusions and/or fails to identify the "data or other information considered by the

witness" with respect to Items 3, 4, 5, 6, 7, and 8 (collectively referred to as the "Items").[4] Consequently, those Items must be stricken from the April 10 Report and reliance upon them by Mr. Rankel precluded. *See Maurizio v. Goldsmith*, No. 96 Civ. 4332, 2002 WL 535146, at *3 (S.D.N.Y. Apr. 9, 2002) (precluding testimony by plaintiff's damages expert for, among other things, failing to comply with FRCP 26(a)(2)(B) by not identifying with specificity the data and information relied upon in the expert's report); *Koppell v. New York State Bd. of Elections*, 97 F. Supp. 2d 477, 482 (S.D.N.Y. 2000) (striking expert report for, among other things, failing to provide "a clear understanding of the data upon which [the expert] relied, as well as the specific bases for his opinions," as required by FRCP 26(a)(2)(B)).

### A. The Court Should Strike Items 4, 5, and 6 Because The April 10 Report Fails to Cite to Any Supporting Documentation or Any Basis for the Claimed Amounts

The following three Items should be stricken, as Mr. Rankel provides absolutely no documentation or other information indicating the basis for the numbers he asserts:

Item 4: <u>Lost Samples and Development Costs Totaling $7,500</u>

Item 4 of the April 10 Report asserts a claim for lost sample and development costs and concludes, without citation to any supporting documentation, that "[t]hese expenses may conservatively be set at $7,500.00." Damage figures in FRCP 26 expert reports cannot be set at random, whether "conservatively" or not. This number amounts to nothing more than a guess. Interestingly, GWB's original claim for these expenses was $90,000. Regardless of the

---

[4] Mr. Rankel attaches what can best be described as a random assortment of documents for Item 1. However, with some effort, Mervyn's' experts believe that they can opine on the inaccuracies of Mr. Rankel's conclusions with what has been provided for Item 1 and Item 2. Mervyn's, therefore, does not move to strike those Items at this time. Mervyn's reserves the right, however, to move to exclude those Items pursuant to Federal Rule of Evidence 702 and the standards set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) following the deposition of Mr. Rankel.

steep reduction in damages, GWB is still unable to provide any documentation or any basis for arriving at this random, round number. Therefore, Item 4 should be stricken.

Item 5: <u>Lost Additional Employees Time and Effort Totaling $260,049.04</u>

Item 5 seeks to recover for lost additional employee time. Based on prior criticism of this Item, GWB has added, for the first time, an actual list of employee names and alleged compensation figures. However, this new attempt to comply with FRCP 26 still fails. Once again, GWB's April 10 Report neither references nor attaches a single document or payroll record that it purports to rely on in asserting the salary or benefits for the named employees. For example, the "designer" is only identified by her first name, "Bebe," evidencing to Mervyn's that GWB does not even have documentation sufficient to provide her last name. The listed compensation figures again appear to be numbers that have been picked out of a hat – they are conspicuously round (except for one), and for those that are allegedly "a portion" of a prior employees' salary, Mr. Rankel does not provide the base salary or the percentage used to calculate these figures. For new hires, start and end dates are also glaringly absent. Mr. Rankel also tags on a random $5,000 for this Item with no stated basis for the amount. Given Mr. Rankel's failure to provide the basis for these numbers or attach documents sufficient to show the information he relied on in arriving at these numbers, the Court should strike Item 5 from GWB's April 10 Report.

Item 6: Interest - Returns, Cancelled Orders,
<u>Unjustified Chargebacks Totaling $10,000</u>

In Item 6, Mr. Rankel claims that GWB has lost interest. In earlier versions, this figure was $40,000, but it now stands at the round number of $10,000. Mr. Rankel does not even attempt to provide documentation or a basis to support this number. Rather, he writes that the

6

number for this claim "may reasonably and conservatively be set at $10,000.00." Once again, this amounts to nothing more than a guess. It too should be stricken.

### B. The Court Should Strike Items 3, 7, and 8 As Mr. Rankel Sets Forth No Basis or Relevant Documentation to Support the Claims

Although Mr. Rankel purports to provide some documentation for the following three Items, that documentation is either entirely irrelevant on its face or Mr. Rankel fails to provide any indication of the basis for the numbers he arrives at:

Item 3: Returns, Cancellations and Unjustified
Chargebacks for Accepted Garments Totaling $250,000

Item 3 purports to account for damages for unjustified chargebacks, cancellations, and returns. For this Item, Mr. Rankel actually makes reference to a stack of documents – those behind Exhibit 4 of his April 10 Report. Many of those do not even appear to apply to Mervyn's, but rather address other retailers. Mr. Rankel does not explain how he relied on this myriad of documents to arrive at his $250,000 figure. And, there appears to be no meaningful way to use those documents to calculate the round damages figure of $250,000. Tellingly, Mr. Rankel makes no attempt to do so. In fact, he provides no basis whatsoever for his $250,000 number. Further, Mr. Rankel provides no indication of which "chargebacks" GWB claims were "unjustified." There is no list or identification of such chargebacks. Numerous chargebacks were indeed made throughout GWB's relationship with Mervyn's due to GWB's dismal performance, but many, if not all, were authorized by GWB. With no basis set forth for the conspicuously round number of $250,000, no indication of which chargebacks comprise that number and no reference to documents that actually support the number, this Item should be stricken.

Item 7: <u>Lost Opportunity Cost Totaling $700,000</u>

In the April 10 Report, GWB claims that it was unable to supply its other customers due to its commitment to Mervyn's. The April 10 Report claims that Charming Shoppes and Cato were the two customers that GWB was unable to supply and that GWB suffered a $700,000 loss as a result. As supposed support for this claim, GWB provides, behind Exhibit 7 (incorrectly cited to in the April 10 Report as Exhibit 9), confirmed <u>orders</u> from only one of the two stores supposedly affected, Charming Shoppes. Once again, the supplied documents are irrelevant and do not satisfy Mr. Rankel's obligations to set forth the basis for the $700,000 figure or the material relied on in reaching that figure. First, these Charming Shoppe documents are purchase orders and there is no indication on these documents that these orders were not placed or filled by GWB. In fact, there are no documents evidencing lost sales at all. Second, GWB only provides purchase order documentation for Charming Shoppes and not Cato: where is support for the other supposed lost customer? Third, even if the purchase orders behind Exhibit 7 could evidence lost sales (which they do not), they do not add up to the round figure of $700,000 (not anywhere close, in fact). As Mr. Rankel does not explain his reasoning, there is no way to determine the basis for his figure or what documents Mr. Rankel relied on to reach that $700,000 number. His failure to disclose this information, on his fourth try, warrants the striking of this Item from his April 10 Report.

Item 8: <u>Lost Overseas Deposits Totaling $494,000</u>

Item 8 seeks to recover for lost overseas deposits. Once again, the document provided by GWB, behind Exhibit 8 (incorrectly cited to in the April 10 Report as Exhibit 11) does not seem to have anything to do with a loss of overseas deposits. The words "deposit" or "advances" are nowhere to be found on the document. Rather, the document says that the

8

amount of $494,000 is the "Total Purchase of finish [sic] goods." This document, which provides no indication of any lost deposits (or even deposits at all), simply cannot provide the required basis for Mr. Rankel's opinion. Notably, Mr. Rankel does not even attempt to explain how it does; he merely attaches it. While the document total may coincide with the total claimed by Mr. Rankel, this coincidence does not provide a sufficient basis to support this Item. Consequently, this Item should also be stricken.

## II.

### ITEMS 3-8 OF THE APRIL 10 REPORT SHOULD BE STRICKEN AND ATTORNEYS' FEES AND COSTS AWARDED

GWB's repeated inability to provide an expert report in compliance with FRCP 26, despite two Court Orders requiring that it do so, warrants the preclusion of Items 3-8 of Mr. Rankel's April 10 Report. GWB's failure also supports the award of costs and attorneys' fees for this motion and for Mervyn's' repeated court applications and attempts to ensure GWB's compliance with FRCP 26. Federal Rule of Civil Procedure 37(b)(2)(A) permits the Court to impose sanctions for a party's failure to comply with a court order and specifically allows the Court to strike the Items in GWB's incomplete April 10 Report and prohibit GWB from relying on them in any way. *See Venite v. St. Luke's/Roosevelt Hosp.*, No. 01 Civ. 4067, 2002 WL 1461493, at *2-3 (S.D.N.Y. July 3, 2002) (precluding report and testimony of defendants' expert under FRCP 37(b), noting, among other things, that the "clearly articulated" deadline to produce an expert report compliant with FRCP 26(a)(2)(B) had already been extended twice and the court had adopted a rule of strictly enforcing FRCP 26).

Similarly, FRCP 37(c)(1) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

9

failure was substantially justified or is harmless." *See Williams v. County of Orange*, No. 03 Civ. 5182, 2005 WL 6001507, at *4-5 (S.D.N.Y. Dec. 13, 2005) (precluding testimony of defendants' expert under FRCP 37(c)(1) for non-compliance with discovery deadlines and because the report, by "fail[ing] to identify which portions of the materials [the expert] considered in reaching his opinions," did not comply with FRCP 26(a)(2)(B)). *See also Maurizio*, 2002 WL 535146 at *3 (precluding testimony by plaintiff's damages expert for, among other things, failing to comply with FRCP 26(a)(2)(B) by not identifying with specificity the data and information relied upon in the expert's report); *Koppell*, 97 F. Supp. 2d at 482 (striking expert report for, among other things, failing to provide "a clear understanding of the data upon which [the expert] relied, as well the specific bases for his opinions," as required by FRCP 26(a)(2)(B)).

Rule 37 further allows for the recovery of expenses, including attorneys' fees. *See Rouson v. Eicoff*, No. 04 Civ. 2784, 2007 WL 1827422, at *10 (E.D.N.Y. June 25, 2007) (holding that failure to comply with discovery orders warrants the imposition of monetary sanctions and ordering defendant's counsel to pay the reasonable attorneys' fees and costs for plaintiff's applications to the court to compel expert discovery).

The April 10 Report omits the basis for Mr. Rankel's numbers and fails to identify the materials he relied on for each of the Items 3-8 described above. As such, his April 10 Report fails to provide the requisite elements and defeats the very purpose of FRCP 26. Furthermore, Mr. Rankel has prevented Mervyn's' financial expert from meaningfully analyzing or responding to GWB's damages report. Any analysis of Mr. Rankel's unsupported figures in Items 3-8 would necessarily be an abstract exercise that would be based on assumptions and guesses. Similarly, the April 10 Report does little to permit the efficient follow-up deposition

envisioned by FRCP 26. Since Items 3-8 simply do not satisfy the requirements of FRCP 26, they should be stricken pursuant to FRCP 37 and Mr. Rankel's testimony, as to those Items, should be precluded.

In addition, by providing *four* deficient expert reports (five, if you count the untimely revision provided less than an hour before the parties' April 8, 2008 conference with the Court) over the span of four months and by ignoring Mervyn's' numerous attempts to obtain a complete report, GWB has not only wasted Mervyn's' time, but has wasted judicial resources, and should be required pursuant to FRCP 37 to pay any and all legal fees and costs incurred by Mervyn's associated with (i) the preparation of this motion, (ii) the two applications made to the Court regarding GWB's insufficient expert reports, dated February 21, 2008 and March 21, 2008, and (iii) the three letters to GWB counsel regarding GWB's insufficient expert reports, dated February 6, 2008, February 19, 2008, and March 6, 2008.

## CONCLUSION

For the reasons set forth above, Defendant Mervyn's respectfully requests, pursuant to FRCP 26, FRCP 37(b)(2) and FRCP 37(c)(1), that the Court strike Items 3, 4, 5, 6, 7, and 8 from Mr. Rankel's April 10 Report and preclude GWB from relying on Mr. Rankel's testimony with regard to any such Items of damages; and further that the Court order GWB to pay any and all legal fees and costs incurred by Mervyn's associated with (i) the preparation of this motion, (ii) the two applications made to the Court regarding GWB's insufficient expert reports, dated February 21, 2008 and March 21, 2008, and (iii) the three letters to GWB counsel

regarding GWB's insufficient expert reports, dated February 6, 2008, February 19, 2008, and March 6, 2008, as well as any other relief that the Court deems proper.

Dated: New York, New York
      April 17, 2007

ORRICK, HERRINGTON & SUTCLIFFE LLP

By _____
Lisa T. Simpson
Rishona Fleishman

666 Fifth Avenue
New York, NY 10103-0001
212-506-5000

Attorneys for Defendant
Mervyn's LLC