

# ORRICK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/08

June 10, 2008

**BY HAND**

Lisa T. Simpson
(212) 506-3767
lsimpson@orrick.com

The Honorable Frank Maas
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 740
New York, NY 10007

Re:   *Great White Bear, LLC v. Mervyns, LLC* (06 CV 13358)

Dear Magistrate Judge Maas:

  We represent Defendant Mervyn's LLC ("Mervyn's") in the above-referenced matter. As you may be aware, Plaintiff Great White Bear LLC ("GWB") has filed with Judge Berman objections pursuant to FRCP 72(a) to Your Honor's Memorandum Decision and Order, dated May 27, 2008, striking Items 3-7 of the expert report of Stephen J. Rankel, and to Your Honor's recent scheduling order of June 4, 2008 (GWB's "Objections" are attached hereto as Exhibit A). We write to request a stay of the June 4 Order, specifically the dates for the service of Mervyn's expert reports and the deadline for expert depositions, while awaiting resolution of this matter by Judge Berman.

  At the teleconference with the Court on June 4, 2008, Your Honor specifically asked the parties whether they had received and reviewed your decision on Mr. Rankel's report. Although clearly preparing to do so, at no time during the call did counsel for GWB mention that GWB intended to file an objection to that decision. Rather, counsel for GWB allowed scheduling to proceed which it knew bore directly on the issues covered in its Objections. Mervyn's offered to produce its expert reports in two weeks, and the Court set June 20, 2008 as the deadline. The Court also ordered that depositions of experts conclude by July 11, 2008. Two days later, GWB filed its Objections with Judge Berman.

  As we have indicated and discussed in the past, Mervyn's' expert reports in this matter are rebuttal reports. Mervyn's therefore must know what is and is not included in GWB's expert reports before its reports can be prepared. This reasoning applies equally to Mervyn's' industry expert who also has expertise that may bear on Mr. Rankel's report. Similarly, and entirely consistent with the purposes of FRCP 26(a), that which is contained in the expert disclosures defines and limits the proper scope of expert depositions. Since the scope of the depositions is not yet final, it would be inefficient to proceed with the depositions as scheduled.

*I was not aware that objections were filed since a courtesy copy was not sent to me. In any event, I agree that it would be inefficient to proceed further with expert discovery until Judge Berman rules. The application therefore is granted.*

*FMaas, USMJ, 6/12/08*



**ORRICK**

The Honorable Frank Maas
June 10, 2008
Page 2

     Mervyn's intends to file a response to GWB's Objections and it seems clear that this matter will not be resolved by June 20 in time for Mervyn's to comply with the current discovery schedule. We therefore respectfully request that the June 4 Order be stayed and that the dates contained in the Order be reset following the decision by Judge Berman on GWB's Objections.

     Thank you for your attention to this matter.

                                                      Respectfully submitted,

                                                      Lisa T. Simpson

cc:    Philip A. Byler, Esq. (By Hand)
        Counsel for Great White Bear, LLC