UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Great White Bear, LLC,

       Plaintiff,

  -against-

Mervyns, LLC,

       Defendant.

06 Civ. 13358 (RMB)(FM)

**MEMORANDUM OF LAW IN RESPONSE
TO PLAINTIFF GREAT WHITE BEAR'S OBJECTIONS TO
THE MAY 27, 2008 AND JUNE 4, 2008 ORDERS OF MAGISTRATE JUDGE MAAS**

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0001
212-506-5000

Attorneys for Defendant
Mervyn's LLC

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................... 1

STANDARD OF REVIEW ................................................................................. 2

MAGISTRATE JUDGE MAAS CORRECTLY SUMMARIZED
THE PROCEDURAL HISTORY IN THE MAY 27 ORDER .......................... 3

ARGUMENT ...................................................................................................... 9

I.      MAGISTRATE JUDGE MAAS' MAY 27 ORDER IS NEITHER
CLEARLY ERRONEOUS NOR CONTRARY TO LAW
AND SHOULD BE AFFIRMED ............................................................. 9

      A.     Magistrate Judge Maas' May 27 Order
Correctly Held that Items 3-7 of Mr. Rankel's Damages
Report Fail to Satisfy the Requirements of FRCP 26 .............. 12

           Item 3:  Returns, Cancellations and Unjustified
Chargebacks for Accepted Garments ......................... 12

           Item 4:  Lost Sample and Development Costs ......................... 13

           Item 5:  Lost Additional Employee Time and Effort .............. 14

           Item 6:  Interest - Returns, Cancelled Orders, Unjustified
Chargebacks ............................................................... 15

           Item 7:  Lost Opportunity Cost ............................................... 16

      B.     Magistrate Judge Maas' Remedy, Striking Portions of
Mr. Rankel's Report and Precluding Testimony at Trial,
Was Not Clearly Erroneous or Contrary to the Law ............... 17

           Factor 1:  GWB Fails to Provide an Adequate
Explanation for its Failure to Comply with FRCP 26 ........... 19

           Factor 2:  Mr. Rankel's Testimony Can Be Substituted
by a Fact Witness ...................................................... 19

           Factors 3 and 4:  Mervyn's Has Suffered Undue Prejudice
And Providing GWB with Another Continuance
Rewards GWB's Blatant Disregard for the Federal Rules ........ 20

II.     RESPONSE TO OBJECTIONS TO JUNE 4 ORDER ........................ 21

CONCLUSION ................................................................................................. 22

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bell v. Pfizer, Inc.,*
   No. 03 Civ. 9945, 2006 WL 2529762 (S.D.N.Y. Aug. 31, 2006) ...........................3, 13

*Citicorp v. Interbank Card Ass'n,*
   478 F. Supp. 756 (S.D.N.Y. 1979) ...............................................................................3

*Daubert v. Merrell Dow Pharm., Inc.,*
   509 U.S. 579 (1993)........................................................................................8n.7, 21-22

*Design Strategy, Inc. v. Davis,*
   469 F.3d 284 (2d. Cir. 2006)........................................................................................19

*Dimensional Sound, Inc. v. Rutgers Univ.,*
   No. 92 Civ. 2350, 1996 WL 11244 (S.D.N.Y. Jan 10, 1996)........................16n.12, 21

*EEOC v. Morgan Stanley & Co., Inc.,*
   No. 01 Civ. 8421, 2004 WL 1542264 (S.D.N.Y. July 8, 2004) ...................................22

*Ferriso v. Conway Org.,*
   No. 93 Civ. 7962, 1995 WL 580197 (S.D.N.Y. Oct. 3, 1995) ...................................2n.1

*Int'l Sec. Exch., LLC v. Chicago Bd. Options Exch., Inc.,*
   No. 06 Civ. 13445, 2007 WL 2319128 (S.D.N.Y. Aug. 9, 2007) ...................................3

*Koppell v. New York State Bd. of Elections,*
   97 F. Supp. 2d 477 (S.D.N.Y. 2000)............................................................................11

*Lava Trading, Inc. v. Hartford Fire Ins. Co.,*
   No. 03 Civ. 7037, 2005 WL 4684238 (S.D.N.Y. Apr. 11, 2005)...............9, 12, 13, 15

*Maurizio v. Goldsmith,*
   No. 96 Civ. 4332, 2002 WL 535146 (S.D.N.Y. Apr. 9, 2002)...............................11, 18

*Olivadoti v. Church & Dwight Co., Inc.,*
   No. 05 Civ. 9266, 2006 WL 1676463 (S.D.N.Y. June 16, 2006)............................2, 3

*Patterson v. Balsamico,*
   440 F.3d 104 (2d. Cir. 2006)........................................................................................19

## TABLE OF AUTHORITIES

**Page**

*Pavlou v. Baxter Healthcare Corp.*,
No. 98 Civ. 4526, 2004 WL 345590 (S.D.N.Y. Feb. 24, 2004) ................................22

*Softel, Inc. v. Dragon Med. and Scientific Commc'ns, Inc.*,
118 F.3d 955 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020 (1998) ...............................19

*St. Paul Fire and Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*,
91 Civ. 0748, 1996 WL 19028 (S.D.N.Y. Jan. 17, 1996)..............................................16

*Thompson v. Keane*,
No. 95 Civ. 2442, 1996 WL 229887 (S.D.N.Y. May 6, 1996).......................................3

*Venite v. St. Luke's/Roosevelt Hosp.*,
No. 01 Civ. 4067, 2002 WL 1461493 (S.D.N.Y. July 3, 2002) ................................18

*Williams v. County of Orange*,
No. 03 Civ. 5182, 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005)................................18

*Zahler v. Twin City Fire Ins. Co.*,
No. 04 Civ. 10299, 2007 WL 4563417 (S.D.N.Y. Dec. 21, 2007)..............................20

## FEDERAL STATUTES

28 U.S.C. § 636(b)(1)(A)...................................................................................................22

FRCP 26............................................................................................................. passim

FRCP 26(a)(2)(B), 1993 Advisory Committee Note...............................................9, 16n.12

Fed. R. Civ. P. 72(a) ...................................................................................................1

Defendant Mervyn's LLC ("Mervyn's") respectfully submits this response, in accordance with Federal Rule of Civil Procedure ("FRCP") 72(a), to Plaintiff Great White Bear LLC's Objections to: (i) the Memorandum Order of Magistrate Judge Maas, dated May 27, 2008 (the "May 27 Order"), and (ii) the Order of Magistrate Judge Maas, dated June 4, 2008 (the "June 4 Order"), filed June 6, 2008 (the "Objections"). As set forth below, Plaintiff Great White Bear LLC ("GWB") has failed to meet its burden of demonstrating that Magistrate Judge Maas' Orders are clearly erroneous or contrary to law. As a result, the Court should reject Plaintiff's Objections and affirm the Orders at issue.

## PRELIMINARY STATEMENT

On April 17, 2008, Mervyn's filed a motion to strike Items 3, 4, 5, 6, 7 and 8 from the expert report of Stephen J. Rankel, GWB's purported expert witness on damages, for failure to comply with FRCP 26 and the Court's prior orders with respect to Mr. Rankel's report. Mervyn's also sought fees and costs. Mervyn's' motion was filed only after Mervyn's made two applications to Magistrate Judge Maas regarding Plaintiff's insufficient expert reports and wrote multiple letters and emails to Plaintiff's counsel in an attempt to obtain a compliant report. On April 24, 2008, Plaintiff filed its papers in opposition to Mervyn's' motion. On May 27, 2008, in a thorough decision and order, Magistrate Judge Maas, concluding that Mr. Rankel's report failed to sufficiently identify the basis for his opinions or the documents he purports to rely on, granted Mervyn's' motion to strike Items 3-7, precluding testimony by Mr. Rankel as to those Items, and denied Mervyn's' motion to strike Item 8 and Mervyn's' application to recover fees and costs. Magistrate Judge Maas' May 27, 2008 Order is attached hereto as Exhibit A to the Declaration of Lisa T. Simpson, dated June 23, 2008 ("Simpson Decl."). On June 6, 2008, GWB

filed its Objections to that decision and to a later June 4, 2008 scheduling order issued by

Magistrate Judge Maas.

In its Objections, GWB first takes issue with Magistrate Judge Maas' recounting

of the procedural history on this motion to strike. But, GWB fails to identify any fact on which

Magistrate Judge Maas was mistaken. GWB also suggests that its report was not insufficient,

but GWB fails to identify anything clearly erroneous in Magistrate Judge Maas' decision that

Items 3-7 were indeed deficient. In fact, GWB appears to concede that its report, after <u>four</u> tries,

is still incomplete by suggesting that it should be given yet another opportunity to cure.

Magistrate Judge Maas already provided GWB with numerous opportunities to provide a

compliant report. Considering all the evidence and arguments set forth in Mervyn's' motion,

including GWB's opposition, Magistrate Judge Maas correctly determined that GWB's failure to

comply with FRCP 26 warranted preclusion of certain aspects of Mr. Rankel's report. To set

aside that decision, GWB must show that Magistrate Judge Maas acted clearly erroneously or

contrary to law. GWB has not met this burden.

## <u>STANDARD OF REVIEW</u>

A non-dispositive, pretrial matter decided by a magistrate judge should be

reconsidered by the district court only where it has been shown that the magistrate's order is

"clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a);

*Olivadoti v. Church & Dwight Co., Inc.*, No. 05 Civ. 9266, 2006 WL 1676463, at *2 (S.D.N.Y.

June 16, 2006) (Berman, J.).[1] A magistrate's order is "clearly erroneous" when, based upon the

---

[1]    "Discovery matters are generally considered nondispositive of the litigation." *Olivadoti v. Church & Dwight Co., Inc.*, No. 05 Civ. 9266, 2006 WL 1676463, at *2 (S.D.N.Y. June 16, 2006) (Berman, J.) (internal quotation marks omitted). This category includes orders excluding expert testimony for non-compliance with the disclosure requirements of FRCP 26(a). *See Ferriso v. Conway Org.*, No. 93 Civ. 7962, 1995 WL 580197, at *1 (S.D.N.Y. Oct. 3, 1995).

entire evidence, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Int'l Sec. Exch., LLC v. Chicago Bd. Options Exch., Inc.*, No. 06 Civ. 13445, 2007 WL 2319128, at *1 (S.D.N.Y. Aug. 9, 2007) (Berman, J.) (internal quotation marks omitted). Such an order is "contrary to law" when the magistrate "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

Moreover, a magistrate's ruling regarding discovery matters "should be afforded substantial deference and be overturned only if found to be an abuse of discretion." *Olivadoti*, 2006 WL 1676463 at *2 (internal quotation marks omitted). Accordingly, a party objecting to "a magistrate's discovery order 'bears a heavy burden.'" *Id.* (quoting *Citicorp v. Interbank Card Ass'n*, 478 F. Supp. 756, 765 (S.D.N.Y. 1979)). *See also Thompson v. Keane*, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) ("Magistrate Judges are given broad latitude in resolving discovery disputes"). GWB does not, and cannot, meet this "heavy burden."

In addition, the Court may not consider any arguments or information not previously before Magistrate Judge Maas on the underlying motion. *See Bell v. Pfizer, Inc.*, No. 03 Civ. 9945, 2006 WL 2529762, at *1 (S.D.N.Y. Aug. 31, 2006) (holding that "[a]n objecting party may not raise new arguments that were not made before the Magistrate Judge") (internal quotation marks omitted).

## MAGISTRATE JUDGE MAAS CORRECTLY SUMMARIZED
## THE PROCEDURAL HISTORY IN THE MAY 27 ORDER

Magistrate Judge Maas' procedural history or "Background" section of the May 27 Order concisely and accurately captures the five-month pursuit by Mervyn's for a compliant expert report by Mr. Rankel. GWB accuses Magistrate Judge Maas of omitting certain details allegedly relevant to this procedural history. *See* Objections at 3. Mervyn's respectfully submits that the procedural history on this motion is clearly set forth and evidenced by the

correspondence between counsel and the Court on this issue, all of which was before Magistrate Judge Maas on this motion. GWB does not argue otherwise. For the convenience of the Court and in the interest of permitting easy access to relevant documents, a complete set of the relevant documents is attached to the Declaration of Lisa T. Simpson and submitted herewith.

Also, for the convenience of the Court, the complete procedural history on this motion is set forth here:

On November 29, 2007, the Court entered an Order requiring that GWB disclose its experts by December 14, 2007 and submit its expert reports by January 11, 2008. *See* Simpson Decl. Ex B. On January 10, 2008, GWB emailed Mervyn's seeking an extension of time to submit its expert reports. Mervyn's, in the spirit of cooperation, granted GWB's request, and on January 11, 2008, GWB made a submission to the Court requesting an extension of GWB's due date for expert reports from January 11, 2008 to January 21, 2008. *See* Simpson Decl. Ex. C. The Court granted that request in its Order dated January 11, 2008 (the "Amended Expert Discovery Order"). *See* Simpson Decl. Ex. D.

On January 21, 2008, pursuant to the Amended Expert Discovery Order, GWB served two expert reports on Mervyn's, one by Laurence P. Lazar, an industry witness, and the other, a damages report by Stephen J. Rankel. Both of GWB's reports failed to meet the requirements of FRCP 26(a)(2)(B).[2] Mr. Rankel's initial report is attached as Exhibit E to the Simpson Declaration. On February 6, 2008, Mervyn's sent a letter to counsel for GWB identifying the deficiencies in GWB's expert reports, including the failure by Mr. Rankel to identify the basis for his opinion and the material on which he relied. *See* Simpson Decl. Ex. F.

---

[2]     Mervyn's did not raise the sufficiency of GWB's FRCP 26 expert disclosure for GWB's industry expert, Laurence P. Lazar, in its motion to strike dated April 17, 2008. However, Mervyn's reserved the right to move to exclude Mr. Lazar's opinions following his deposition, if deemed warranted and appropriate at that time.

Mervyn's requested that GWB immediately provide reports in conformity with the requirements

of FRCP 26 so that Mervyn's' expert witnesses could proceed to prepare their responsive

reports.[3]  *See id.*  GWB's counsel responded by letter dated February 11, 2008 (but faxed

February 13, 2008), informally providing some of the information requested and agreeing to

provide supplemental reports.  *See* Simpson Decl. Ex. G.  By letter dated February 19, 2008,

since it was entitled to sworn statements by the expert witnesses and since counsel's informal

supplementation was still incomplete, Mervyn's requested that GWB provide a date on which it

would produce its supplemental reports.  *See* Simpson Decl. Ex. H.  Mervyn's further requested

that GWB agree to provide Mervyn's with a new date for production of its expert reports, given

Mervyn's' February 27, 2008 deadline.  *See id.*  Thereafter, the parties exchanged emails on the

subject of GWB's reports (*see* Simpson Decl. Ex. I), and GWB provided, on February 20, 2008,

a supplemental report for one of its two expert witnesses, Laurence P. Lazar, promising to

provide the supplemental report of its damages witness "shortly" (*see* Simpson Decl. Ex. J).[4]

    With the deadline for Mervyn's' rebuttal reports less than a week away and

having yet to receive a complete report from Mr. Rankel that referenced any documentation or

basis for his opinions at all, Mervyn's made an application to the Court on February 21, 2008.

Noting Mr. Rankel's lack of supporting documentation, Mervyn's requested that the Court (1)

set a firm date for the production of GWB's promised supplemental report from its damages

witness, Mr. Rankel, and (2) provide an extension of the deadline for Defendant to serve its

---

[3]    As is clear from the dates set forth herein, Mervyn's' letter did not arrive "over three weeks" after service of GWB's reports, as GWB contends.  *See* Objections at 4.

[4]    GWB neglects to mention in its Objections that, despite these requests by Mervyn's for a complete and formal supplementation to Mr. Rankel's report in the face of an approaching discovery deadline, GWB failed to provide Mervyn's with a set date for production of Mr. Rankel's supplemental report or respond to Mervyn's' requests to reset Mervyn's own expert deadlines to take into account the new information.  *See* Simpson Decl. Ex. I.

expert reports to a reasonable date thereafter. *See* Simpson Decl. Ex. K. On February 25, 2008,

the Court, noting in its endorsement that Mr. Rankel had failed to identify the materials on which

he relied, ordered GWB to provide Mervyn's with "complete" expert reports by March 14, 2008

("the February 25 Order"). *See* Simpson Decl. Ex. L.

On February 29, 2008, GWB provided Mervyn's with a supplemental damages

report from Mr. Rankel. *See* Simpson Decl. ¶ 14 and Ex. M. Again, this report was insufficient,

omitting any supplementation as to the basis of Mr. Rankel's opinions or the materials relied

upon, and counsel for GWB was so advised in a letter dated March 6, 2008.[5]  *See* Simpson Decl.

Ex. N. On March 17, 2008, Mervyn's received Mr. Rankel's second supplemental damages

report. *See* Simpson Decl. ¶ 16 and Ex. O. The second supplemental report, representing

GWB's *third* attempt to satisfy FRCP 26, again failed to comply with FRCP 26 and now was

also in violation of the Court's February 25 Order requiring the production of complete reports.

On March 21, 2008, given GWB's failure to comply with a court order and FRCP

26, Mervyn's made an application to Magistrate Judge Maas requesting that Mervyn's be

allowed to make a motion pursuant to FRCP 37(b)(2) and FRCP 37(c) to strike the expert report

of Mr. Rankel and preclude GWB's reliance on that report or any related testimony. *See*

Simpson Decl. Ex. P. Mervyn's also sought the recovery of expenses, including attorneys' fees.

*See id.* Upon receiving GWB's response, the Court set a conference for April 8, 2008. That

---

[5]      GWB argues that the May 27 Order omits to mention the additional letter Mervyn's sent
to GWB on March 6, 2008 warning GWB, yet again, that Mr. Rankel's expert report did not
comply with FRCP 26. *See* Objections at 5. Mervyn's is not sure how this purported omission
would support GWB's argument in any way or cause the Court to reach the conclusion that
Magistrate Judge Maas' decision was clearly erroneous. GWB was under court order to produce
complete reports by March 14, 2008. *See* Simpson Decl. Ex. L. Although counsel for Mervyn's
was not required to tell GWB at that time that Mr. Rankel's report was still insufficient, GWB's
deadline was still a week away, so Mervyn's voluntarily informed GWB that Mr. Rankel's report
was still incomplete, giving GWB yet another chance to revise it.

morning, GWB attempted to fax over yet another supplemental report, again without supporting

documentation. This untimely report was received by counsel for Mervyn's less than an hour

before the call with the Court. *See* Simpson Decl. Ex. Q. On the April 8, 2008 teleconference,

over objection by Mervyn's, Magistrate Judge Maas generously provided GWB with yet another

chance to fix its "willfully inadequate" report. Simpson Decl. Ex. R (Transcript of April 8, 2008

Telephone Conference), at 6:10 – 6:11. In a subsequent written order, the Court ordered GWB

to provide Mervyn's with a "final expert report, together with any necessary schedules and other

documentation" by 5:00 pm on April 10, 2008 ("the April 8 Order"). *See* Simpson Decl. Ex. S.

In the April 8 Order, the Court set the date of April 17, 2008 for Mervyn's to make, if necessary,

a motion to strike. *See id.*

   On April 10, 2008, Mervyn's received Mr. Rankel's final damages report (the

"April 10 Report"). *See* Simpson Decl. Ex. T. The April 10 Report, while certainly increased in

heft, was not improved in substance.[6] Although GWB appropriately removed three categories of

damages for which it had absolutely no support – unjustified chargebacks, travel, and showroom

deposits, valued at $225,000, $12,000, and $400,000 respectively – and made adjustments to

other amounts, GWB's *fourth* attempt at providing a report in compliance with FRCP 26 failed

---

[6]  Aside from the FRCP 26 deficiencies that are the subject of this motion, the April 10 Report's assembly is confusing at best. Besides the innumerable typos found throughout the April 10 Report, Mr. Rankel misnumbers his damages "Items." In the body of the April 10 Report, the damages "Items" are numbered 1, 2, 3, 4, 5, 7, 8, and 9 (with no 6), while in the Summary of Damages Chart, the damages "Items" are consecutively numbered from 1-8. *See* Simpson Decl. Ex. T. References to the "Item" numbers herein will correspond to the consecutively numbered list of damages found in the Summary of Damages Chart on page 5 of the April 10 Report. *See id.*

  In addition, Mr. Rankel's April 10 Report provides Exhibit numbers that are not consecutive. Mr. Rankel cites to Exhibits 1, 2, 4, 9, and 11 in his Report and then provides documentation behind tabs that are titled Exhibit 1, Exhibit 2, Exhibit 4, Exhibit 7, and Exhibit 8. *See id.* It appears that the citation to Exhibit 9 in the April 10 Report can be found behind tab Exhibit 7 and that the citation to Exhibit 11 in the April 10 Report can be found behind tab Exhibit 8.

yet again. Numerous Items remained for which Mr. Rankel provided no basis for his numbers and no indication of what documentation he relied on to reach those numbers.

Following a thorough review of Mr. Rankel's final report, Mervyn's filed, on April 17, 2008, a motion to strike Items 3, 4, 5, 6, 7, and 8 from Mr. Rankel's April 10 Report and to preclude Mr. Rankel from testifying with regard to those alleged Items of damages.[7] *See* Simpson Decl Ex. U. As indicated in its letter to Magistrate Judge Maas, Mervyn's also sought fees and costs resulting from Plaintiff's failure to comply with FRCP 26 and the Court's orders. *See id.* On April 24, 2008, Plaintiff filed its papers in opposition to Mervyn's' motion. *See* Simpson Decl. Ex. V. On May 27, 2008, Magistrate Judge Maas granted Mervyn's' motion to strike damages Items 3-7, precluding Mr. Rankel from providing testimony as to those Items, denied Mervyn's' motion to strike Item 8 and also denied Mervyn's' application to recover attorneys' fees. *See* Simpson Decl. Ex. A.

On June 4, 2008, the Court held a teleconference to set dates for the completion of expert discovery. *See* Simpson Decl. Ex. W. During the teleconference, Mervyn's offered to produce its expert reports in two weeks. As a result, the Court set June 20, 2008 as the deadline for Mervyn's' expert reports and July 11, 2008 as the deadline for completion of expert witness depositions. The Court also set July 11, 2008 as the deadline for letters to be filed with Judge Berman on dispositive motions (the June 4 Order).[8] *See* Simpson Decl. Ex. X. Two days later,

---

[7]    GWB seems to believe that because Mervyn's did not move pursuant to FRCP 26 on Items 1 and 2, Mr. Rankel's opinions on these Items are supportable – they are not. But, GWB arguably provided sufficient information pursuant to FRCP 26 to allow Mervyn's' expert witnesses to respond and permit Mr. Rankel to be deposed on his faulty and inaccurate reasoning with regard to those Items. In its moving papers, Mervyn's reserved its right to move to exclude Items 1 and 2 pursuant to Federal Rule of Evidence 702 and standards set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ("*Daubert*") following Mr. Rankel's deposition. *See* Simpson Decl. Ex. U (memorandum) at 5 n.4.

[8]    The June 4 Order is incorrectly referred to as the June 8 Order in GWB's papers.

without notice to Magistrate Judge Maas or Mervyn's, either during the teleconference or after,

GWB filed its Objections, dated June 6, 2008, with Judge Berman.[9]

*     *     *

As the above summary and the supporting documentation make clear, Magistrate

Judge Maas did not misstate the procedural history in any way let alone commit any clear error

in his recitation of the facts.  Further, there is no dispute that Magistrate Judge Maas indeed had

all the relevant facts and documents, as cited above, before him when considering the parties'

arguments and issuing his May 27 Order.

**ARGUMENT**

**I.**

**MAGISTRATE JUDGE MAAS' MAY 27 ORDER IS NEITHER
CLEARLY ERRONEOUS NOR CONTRARY TO LAW AND SHOULD BE AFFIRMED**

As correctly noted by Magistrate Judge Maas, FRCP 26 requires that expert

witness reports be complete and detailed.  *See* FRCP 26(a)(2)(B), 1993 Advisory Committee

Note, at 161 (West 2008).  In fact, FRCP 26 requires that written reports be provided before

conducting the testifying expert's deposition precisely so that the deposition will be able to test

the opinions of the expert and their bases, and not be an exercise in trying to discover what

opinions the expert holds or on what the expert has based those opinions.  *See* FRCP

26(b)(4)(A); *Lava Trading, Inc. v. Hartford Fire Ins. Co.*, No. 03 Civ. 7037,  2005 WL 4684238,

at *7 (S.D.N.Y. Apr. 11, 2005) (in requiring "detailed and complete" disclosures, "the drafters

anticipated that depositions would be significantly shortened and narrowed, and in some cases …

---

[9]     In an Order signed on June 12, 2008, Magistrate Judge Maas granted Mervyn's' request
to stay the June 4 Order pending resolution of GWB's Objections because "it would be
inefficient to proceed further with expert discovery until Judge Berman rules."  *See* Simpson
Decl. Ex Y.

9

might be entirely obviated."). To meet these ends, FRCP 26(a)(2)(B) specifically requires that

an expert report contain:

> (i)   a complete statement of all opinions the witness will express and the *basis and reasons* for them;
> (ii)  *the data or other information* considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)   a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.

FRCP 26(a)(2)(B) (emphasis added). Magistrate Judge Maas further noted that FRCP 26 is

intended to avoid the "sketchy and vague" reports (such as Mr. Rankel's) that had prevailed prior

to the 1993 Amendment to FRCP 26. *See* Simpson Decl. Ex. A (May 27 Order), at 5.

GWB does not argue that Magistrate Judge Maas incorrectly cited the

requirements of FRCP 26. GWB also does not argue that Magistrate Judge Maas was wrong

when he concluded that the Rule requires "detailed" and "complete" reports. *See id.* at 4.

GWB's Objections appear to be two-fold: GWB first argues that the April 10 Report is not, in

fact, sketchy or vague and that Magistrate Judge Maas erred in concluding that Items 3-7 failed

to satisfy the requirements of FRCP 26. *See* Objections at 8. GWB mistakenly equates quantity

with quality. GWB seems to believe that simply because its report got longer in its last attempt,

and because GWB's counsel covered it with a letter asserting that it was complete, it must

therefore be complete. Contrary to these assertions, Magistrate Judge Maas considered the

ample volume of meaningless documentation provided by Mr. Rankel and, as detailed below,

even attempted to use arithmetic calculations to analyze that documentation for certain Items, but

could not determine the basis for or documents relied upon to support Mr. Rankel's opinions

with respect to Items 3-7.

Second, reversing positions and now seemingly conceding that its report is not yet complete ("supporting documentation is conceded for the most part to be provided") (*see* Objections at 2), GWB takes issue with the remedy of preclusion awarded by Magistrate Judge Maas, suggesting that GWB should be given yet *another* chance to comply with FRCP 26. *See* Objections at 14. Magistrate Judge Maas properly considered the relevant factors, however, and issued a well-reasoned order excluding some but not all the Items of damages from Mr. Rankel's report. Through that exercise, Magistrate Judge Maas carefully determined the appropriate remedy for GWB's repeated failures and implicitly concluded that another opportunity to cure was not warranted. Indeed, Magistrate Judge Maas was more than patient and fair in his handling of this matter. GWB was provided *four* opportunities to cure, the last over Mervyn's' objection.

As set forth more specifically below, GWB has failed to establish that Magistrate Judge Maas' May 27 Order was clearly erroneous or contrary to law. It is clear that Magistrate Judge Maas was well within his authority to strike Items 3-7 of Mr. Rankel's report due to Mr. Rankel's willful failure to comply with FRCP 26 and Magistrate Judge Maas' prior orders. *See Maurizio v. Goldsmith*, No. 96 Civ. 4332, 2002 WL 535146, at *3 (S.D.N.Y. Apr. 9, 2002) (precluding testimony by plaintiff's damages expert for, among other things, failing to comply with FRCP 26(a)(2)(B) by not identifying with specificity the data and information relied upon in the expert's report); *Koppell v. New York State Bd. of Elections*, 97 F. Supp. 2d 477, 482 (S.D.N.Y. 2000) (striking expert report for, among other things, failing to provide "a clear understanding of the data upon which [the expert] relied, as well as the specific bases for his opinions," as required by FRCP 26(a)(2)(B)).

A.    **Magistrate Judge Maas' May 27 Order**
      **Correctly Held that Items 3-7 of Mr. Rankel's Damages**
      **Report Fail to Satisfy the Requirements of FRCP 26**

      **Item 3:  Returns, Cancellations and Unjustified**
      **Chargebacks for Accepted Garments**

Item 3 purports to account for damages for unjustified chargebacks, cancellations, and returns. For this Item, Mr. Rankel makes reference to a stack of documents – those behind Exhibit 4 of his April 10 Report. Many of those do not even appear to apply to Mervyn's, but rather address other retailers. Mr. Rankel does not explain how he relied on this myriad of documents to arrive at his $250,000 figure. And, there appears to be no meaningful way to use those documents to calculate the round damages figure of $250,000. Tellingly, Mr. Rankel makes no attempt to do so. In fact, he provides no basis whatsoever for his $250,000 number.

In light of this, Magistrate Judge Maas, noting that "a damage figure in an expert report cannot satisfy Rule 26(a)(2)(B) simply by stating a conclusory figure and then attaching documents that purportedly support that figure," held that "Mr. Rankel's explanation of his calculations is opaque and sparse. Indeed, Mr. Rankel has failed to supply any calculation which ties the numbers contained in the underlying documents to the $250,000 figure he cites." *See* Simpson Decl. Ex. A (May 27 Order), at 6. On that basis, Magistrate Judge Maas concluded that Item 3 does not satisfy FRCP 26. *See id.*

In an attempt to argue that the decision is clearly erroneous, GWB first argues that *Lava Trading, Inc. v. Hartford Fire Ins. Co.*, No. 03 Civ. 7037, 2005 WL 4684238 (S.D.N.Y. Apr. 11, 2005) (Report and Recommendation), cited by both Mervyn's and Magistrate Judge Maas, is inapposite. *See* Objections at 8-9. GWB is wrong. *Lava Trading* stands for the proposition that expert reports must contain "essential details needed to understand and assess"

the experts' conclusions. *Lava Trading*, at 2005 WL 4684238 at \*7. As found by Magistrate Judge Maas, Item 3 of Mr. Rankel's April 10 Report does not contain those essential details.

Seemingly recognizing the insufficiency of this Item, Plaintiff's *counsel* then attempts to testify as to why there is no supportable number available.[10] *See* Objections at 9-10. This attempted "explanation by counsel," contained nowhere in Mr. Rankel's report and never mentioned before, cannot be considered at this stage of the proceedings. *See Bell*, 2006 WL 2529762 at \*1. If Mr. Rankel thought this was important, he should have included it in his report or at least raised it in GWB's papers before Magistrate Judge Maas. Regardless, even if this vague attempt by GWB's counsel to explain were considered, it does nothing to call into question the Court's finding that Item 3 was an "opaque and sparse" calculation with a "vague explanation." *See* Simpson Decl. Ex. A (May 27 Order), at 6.

### Item 4: Lost Sample and Development Costs

Item 4 of the April 10 Report involves a claim for lost sample and development costs and concludes, without citation to any supporting documentation, that "[t]hese expenses may conservatively be set at $7,500.00." *See* Simpson Decl. Ex. T at 9. This number amounts to nothing more than a guess. Interestingly, GWB's original claim for these expenses was $95,000. *See* Simpson Decl. Ex. E. Regardless of the steep reduction in damages, GWB is still unable to provide any documentation or any basis for arriving at this random, round number.

Considering this Item, Magistrate Judge Maas concluded that "the portion of [Mr. Rankel's] Report relating to this damage item provides no explanation, let alone a detailed

---

[10]    GWB's counsel claims for the first time that an estimation is the only number that can be given in Mr. Rankel's April 10 Report because Mervyn's took adjustments without agreement and that "some portion of the deductions were improperly taken." Objections at 10. GWB thus tries to salvage Mr. Rankel's vague Item 3 with another vague argument – "some portion of the deductions were improperly taken." *Id.*

analysis, as to how Mr. Rankel arrived at the $7,500 figure. Furthermore, Mr. Rankel fails to set forth any specific data or other information he considered in calculating this figure, and he cites no supporting documentation." *See* Simpson Decl. Ex. A (May 27 Order), at 7. Magistrate Judge Maas therefore held that this Item does not comply with FRCP 26. *See id.*

GWB attempts to argue that this conclusion was in error by contending, again, for the first time, that no "special" explanation is required for its $7,500 figure because the sheer act of doing business means that GWB had lost sample and development costs. *See* Objections at 10. This argument, other than not being properly before the Court, is completely illogical and demonstrates GWB's total misunderstanding of the requirements of FRCP 26. GWB provides no basis or supporting documentation for this guess and, as a result, Magistrate Judge Maas' decision that it does not comply with FRCP 26 is not clearly erroneous.

### Item 5: Lost Additional Employee Time and Effort

Item 5 seeks to recover for lost additional employee time. Based on prior criticism of this Item, GWB added to its April 10 Report an actual list of employee names and alleged compensation figures. However, this attempt to comply with FRCP 26 still failed, as Magistrate Judge Maas correctly concluded. Magistrate Judge Maas analyzed this Item as follows:

> Once again, the Report provides no explanation or documentation with respect to these figures. For example, the Report does not adequately explain how Mr. Rankel calculated (a) each employee's pay, (b) each employee's benefits (and why he utilized a thirty percent rate to calculate those benefits), (c) the compensation of existing employees attributable to work for Mervyns [sic] (and what percentage of each employee's total salary this portion represents), and (d) the $5,000 of time spent on sales and other work. In short, Mr. Rankel has utterly failed to show the "essential details needed to understand and assess" his calculations or even state what data or other information Mr. Rankel considered in arriving at his figures.

Exhibit A (May 27 Order), at 7-8 (quoting *Lava Trading*, 2005 WL 4684238 at *7).

That conclusion was clearly warranted as GWB's April 10 Report neither references nor attaches a single document or payroll record that it purports to rely on in asserting the salary or benefits for the named employees. Further, the "designer" is only identified by her first name, "Bebe," evidencing that GWB does not even have documentation sufficient to provide her last name. The listed compensation figures again appear to be numbers that have been picked out of a hat – they are conspicuously round (except for one), and for those that are allegedly "a portion" of prior employees' salary, Mr. Rankel does not provide the base salary or the percentage used to calculate these figures. For new hires, start and end dates are also glaringly absent. Mr. Rankel also tags on a random $5,000 for this Item with no stated basis for the amount.

### Item 6: Interest - Returns, Cancelled Orders, Unjustified Chargebacks

In Item 6, Mr. Rankel claims that GWB has lost interest. In earlier versions, this figure was $40,000, but it now stands in the April 10 Report at the round number of $10,000. Mr. Rankel does not even attempt to provide documentation or a basis to support this number. Rather, he writes that the number for this claim "may reasonably and conservatively be set at $10,000.00." *See* Simpson Decl. Ex. T, at 10. Once again, this amounts to nothing more than a guess. The May 27 Order accepted GWB's explanation in its brief that Mr. Rankel calculated this figure based upon the twelve percent interest rate that GWB's bank charged for advances. Even accepting that, Magistrate Judge Maas still concluded that the April 10 Report "fails to explain how Mr. Rankel arrived at the $10,000 figure." *See* Simpson Decl. Ex. A (May 27 Order), at 8. Magistrate Judge Maas even attempted to somehow understand the basis for this

number by taking the extra step of trying to calculate this number himself.[11] He still could not determine the basis for this number.

GWB argues that the questions raised by Magistrate Judge Maas in the May 27 Order should be reserved for deposition. *See* Objections at 12. That argument, way short of evidencing any error on Magistrate Judge Maas' part, also completely misses the point. Insufficient reports that refer to inadequate documentation cannot be cured by deposition. *See St. Paul Fire and Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 91 Civ. 0748, 1996 WL 19028, at *13 (S.D.N.Y. Jan. 17, 1996) (holding magistrate judge erred in concluding that the bases of expert opinions are matters for examination in depositions, noting that Rule 26(a)(2)(B) requires disclosure in detailed and complete reports).[12]

### Item 7: Lost Opportunity Cost

In the April 10 Report, GWB claims that it was unable to supply its other customers due to its commitment to Mervyn's. The April 10 Report claims that Charming Shoppes and Cato were the two customers that GWB was unable to supply and that GWB suffered a $700,000 loss as a result. In considering this Item, Magistrate Judge Maas found that "once again, it is a mystery how Mr. Rankel made this determination." Simpson Decl. Ex. A (May 27 Order), at 9.

---

[11]    The Court reasoned that in order to get $10,000 from a 12% rate you would need to apply the rate to $83,333. *See* Simpson Decl. Ex. A (May 27 Order), at 8-9. However, $83,333 does not correspond to any number in the April 10 Report or the supporting documentation. *Id.*

[12]    The Advisory Committee Note to the 1993 Amendment provides that part of the rationale animating FRCP 26(a)(2)(B) was a desire to eliminate the need for depositions, or, at the very least, to reduce their length. *See* FRCP 26(a)(2)(B), 1993 Advisory Committee Note, at 161 (West 2008). The proposition that non-compliant reports may be cured by deposition would directly undermine that policy. *See also Dimensional Sound, Inc. v. Rutgers Univ.*, No. 92 Civ. 2350, 1996 WL 11244, at *6 (S.D.N.Y. Jan. 10, 1996) ("a deposition would be an expensive and cumbersome tool and should not be used to compensate for plaintiff's failure to provide an adequate expert report of its damages").

Magistrate Judge Maas identifies numerous problems with this Item. First, Mr. Rankel made his determination based on unfulfilled purchase orders. *See id.* As Mervyn's noted in its papers, there is no indication whether the listed orders were placed with or filled by GWB. In fact, there are no documents evidencing lost sales at all. Second, Magistrate Judge Maas correctly concluded that unfulfilled purchase orders do not accurately reflect GWB's damages because they reflect gross receipts and have not been adjusted to account for costs. *See id.* Third, the Court noted that the documentation provided by Mr. Rankel only relates to Charming Shoppes; no documents have been provided relating to Cato. *See id.* at 10. Fourth, even when using the flawed Charming Shoppes purchase orders, many of the purchase orders are duplicative and relate to the same goods. *See id.* Moreover, the documents provided do not add up to $700,000. *See id.*

In its Objections, GWB does not address these issues or explain how the number $700,000 was reached. Instead, it continues to contend that this claim is for $700,000 and covers two lost customers (Charming Shoppes *and* Cato), despite the lack of supporting documentation. *See* Objections at 13. Again, there is no basis to conclude that Magistrate Judge Maas' decision to strike Item 7 was clearly erroneous.[13]

### B.     Magistrate Judge Maas' Remedy, Striking Portions of Mr. Rankel's Report and Precluding Testimony at Trial, Was Not Clearly Erroneous or Contrary to the Law

Magistrate Judge Maas correctly determined that GWB's repeated inability to provide an expert report in compliance with FRCP 26, despite two Court orders requiring that it do so, warranted the preclusion of Items 3-7 of Mr. Rankel's April 10 Report and related testimony. The relevant federal rules clearly permit such an order:

---

[13]     Although Mervyn's believes that Item 8 also fails to satisfy FRCP 26, Magistrate Judge Maas disagreed. Mervyn's will thus attempt to uncover the basis for Item 8 at deposition.

FRCP 37(b)(2)(A) permits the Court to impose sanctions for a party's failure to comply with a court order and permits a court to strike expert reports and preclude testimony at trial. *See Venite v. St. Luke's/Roosevelt Hosp.*, No. 01 Civ. 4067, 2002 WL 1461493, at *2-3 (S.D.N.Y. July 3, 2002) (precluding report and testimony of defendants' expert under FRCP 37(b), noting, among other things, that the "clearly articulated" deadline to produce an expert report compliant with FRCP 26(a)(2)(B) had already been extended twice and the court had adopted a rule of strictly enforcing FRCP 26).

Similarly, FRCP 37(c)(1) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See Williams v. County of Orange*, No. 03 Civ. 5182, 2005 WL 6001507, at *4-5 (S.D.N.Y. Dec. 13, 2005) (precluding testimony of defendants' expert under FRCP 37(c)(1) for non-compliance with discovery deadlines and because the report, by "fail[ing] to identify which portions of the materials [the expert] considered in reaching his opinions," did not comply with FRCP 26(a)(2)(B)). *See also Maurizio*, 2002 WL 535146 at *3-5 (precluding testimony by plaintiff's damages expert for, among other things, not identifying with specificity the data and information relied upon in the report sufficient to "test the correctness" of the expert's conclusions, as required by FRCP 26(a)(2)(B)).

Magistrate Judge Maas concluded that GWB's lack of justification for its failure to comply with FRCP 26 (despite multiple opportunities) and the harm to Mervyn's in having to file its motion and partake in all the preceding efforts to obtain a complete report from GWB established a *prima facie* case for sanctions. *See* Simpson Decl. Ex. A (May 27 Order), at 12.

Noting that an award of sanctions, like preclusion, is a discretionary remedy, Magistrate Judge

Maas then turned to the four factors set forth in *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d

Cir. 2006), before exercising his discretion to impose sanctions. *See id.* at 12-13. *See also*

*Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (holding that preclusion is a

discretionary remedy); *Softel, Inc. v. Dragon Med. and Scientific Commc'ns, Inc.*, 118 F.3d 955,

961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020 (1998) (outlining the four factors a court often

considered before imposing sanctions). The four factors set forth by the Second Circuit and

considered by Magistrate Judge Maas are: "(1) the party's explanation for the failure to comply

with the [disclosure requirement]; (2) the importance of the testimony of the precluded

witnesses[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to

meet the new testimony; and (4) the possibility of a continuance." *Id.* Magistrate Judge Maas

correctly applied those four factors to GWB's failure to comply with FRCP 26 and concluded

that the sanction of preclusion against GWB was warranted.[14]

### Factor 1:  GWB Fails to Provide an Adequate Explanation for its Failure to Comply with FRCP 26

Magistrate Judge Maas correctly held that "GWB has yet to offer any explanation

for its failure to comply with Rule 26(a)(2)(B) despite having been given numerous

opportunities." *See* Simpson Decl. Ex. A (May 27 Order), at 13. GWB has never – not in its

letters to Mervyn's, its letters to the Court, or in conference with the Court – provided to

Magistrate Judge Maas any reason for its failure to comply with FRCP 26 other than a simple,

blatant disregard for the requirements of the Rule. *See* Simpson Decl Exs. C, G, J, R, V, and W.

Even today, in the Objections before this Court, GWB seeks merely to justify Mr. Rankel's

---

[14]     Magistrate Judge Maas chose the remedy of preclusion and declined to award the lesser
sanction of fees.  Mervyn's submits that it satisfies the standard for the award of fees as well as
preclusion.

woefully deficient April 10 Report, rather than provide an explanation as to the reasons for its repeated inadequacy.

### Factor 2:  Mr. Rankel's Testimony Can Be Substituted by a Fact Witness

On the second factor, importance of testimony, Magistrate Judge Maas correctly concluded that another fact witness may be able to testify as to aspects of the precluded damages (assuming, of course, that a proper foundation is laid at trial).  *See* Simpson Decl. Ex. A (May 27 Order), at 13.  Magistrate Judge Maas' conclusion in this regard is certainly not clearly erroneous or contrary to law, as courts routinely recognize that this type of analysis is acceptable for the "importance" prong of the four-part preclusion test.  *See, e.g., Zahler v. Twin City Fire Ins. Co.,* No. 04 Civ. 10299, 2007 WL 4563417, at *2 (S.D.N.Y. Dec. 21, 2007) (precluding expert testimony and holding, as to the "importance" prong of the *Softel* factors, that certain testimony could easily be the subject of testimony by a fact witness).

### Factors 3 and 4:  Mervyn's Has Suffered Undue Prejudice And Providing GWB with Another Continuance Rewards GWB's Blatant Disregard of the Federal Rules

GWB, by providing *four* deficient expert reports (five, if you count the untimely revision provided less than an hour before the parties' April 8, 2008 conference with the Court) over the span of five months, and by ignoring Mervyn's' numerous attempts to obtain a complete report, has not only wasted Mervyn's' time, but has wasted judicial resources.  Magistrate Judge Maas rightfully concluded that GWB should not be afforded another attempt to cure Mr. Rankel's deficient report.  *See* Simpson Decl. Ex. A (May 27 Order), at 13.  Any further continuance or opportunity to cure would merely reward GWB's blatant disregard of the Federal Rules.  GWB's argument that there is no fairness issue for Mervyn's because Mervyn's has not been required to "do one thing in expert discovery for the past six months" ignores the very real prejudice suffered by Mervyn's.  Objections at 16.  Mervyn's has been forced to expend, and

waste, an exorbitant amount of resources in its pursuit of an adequate expert report from Mr.

Rankel. *See Dimensional Sound, Inc. v. Rutgers Univ.*, No. 92 Civ. 2350, 1996 WL 11244, at *6

(S.D.N.Y. Jan. 10, 1996) (holding that prejudice was demonstrated by the costs of two motions

to preclude and the delay in the discovery). Mervyn's had to make two applications to the Court,

dated February 21, 2008 and March 21, 2008, write three letters to Plaintiff's counsel, dated

February 6, 2008, February 19, 2008 and March 6, 2008, exchange various email

correspondence, and file a motion to strike, dated April 17, 2008, in an attempt to obtain

compliance with FRCP 26.[15]

      Thus, the Court correctly held, after balancing the factors, that GWB's failure to

comply with FRCP 26 warranted sanctions; it accordingly struck Items 3-7 and held that Mr.

Rankel would be precluded from testifying with respect to those Items at trial. *See* Simpson

Decl. Ex. A (May 27 Order), at 14. GWB has not established that any part of Magistrate Judge

Maas' decision in this regard was clearly erroneous or contrary to law. Consequently, the May

27 Order should be affirmed in its entirety.

## II.

## RESPONSE TO OBJECTIONS TO JUNE 4 ORDER

      GWB further challenges Magistrate Judge Maas' June 4 Order. *See* Objections at

17. That order set June 20, 2008 as the deadline for Mervyn's' expert reports to be served and

set July 11, 2008 as both the close of expert discovery and the date by which the parties had to

write to Judge Berman regarding any dispositive motions. *See* Simpson Decl. Ex. X.

---

[15]    And it should be noted that Mervyn's continues to expend these resources despite the fact that GWB is not the correct Plaintiff in this action (a fact that GWB *has admitted*) and despite the fact that GWB, through a series of fraudulent transfers, lacks standing to assert its claims against Mervyn's.

Plaintiff asserts that the June 4 Order omitted by mistake a reference to *Daubert* motions as one of the items to be addressed in the dispositive motion letter to be sent to Judge Berman by July 11, 2008. *See* Objections at 17. While Mervyn's will, of course, direct any *Daubert* motions to Judge Berman or to Magistrate Judge Maas as instructed by the Court, Mervyn's respectfully submits that any *Daubert* motions or other motions to preclude expert testimony would be included in the reference to Magistrate Judge Maas pursuant to 28 U.S.C. § 636(b)(1)(A). Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except" specifically enumerated, dispositive matters. In Judge Berman's June 28, 2007 reference order, Judge Berman referred this action to Magistrate Judge Maas for "General Pretrial (includ[ing] scheduling, discovery, non-dispositive pretrial motions, and settlement)." *See* Simpson Decl. Ex. Z. Motions to exclude expert testimony are non-dispositive pretrial motions, falling under the order of reference. *See e.g. EEOC v. Morgan Stanley & Co., Inc.*, No. 01 Civ. 8421, 2004 WL 1542264, at *1 (S.D.N.Y. July 8, 2004) (Berman, J.) (applying the "clearly erroneous" standard of review to magistrate judge's order excluding expert testimony, noting that "[d]ecisions whether to admit or exclude expert testimony are considered nondispositive of the litigation."); *Pavlou v. Baxter Healthcare Corp.*, No. 98 Civ. 4526, 2004 WL 345590, at *1 (S.D.N.Y. Feb. 24, 2004) (reviewing magistrate judge's order excluding expert testimony, made under a reference for "general pre-trial management"). As Magistrate Judge Maas has gained considerable familiarity with the expert testimony proffered in this action, allowing Magistrate Judge Maas to hear and to decide any further motions concerning expert witnesses would best serve the efficient disposition of this matter.

## CONCLUSION

For the foregoing reasons, Defendant Mervyn's respectfully requests that

Plaintiff's Objections be denied in their entirety, and Magistrate Judge Maas' May 27 Order and

June 4 Order be affirmed.

Dated: New York, New York
      June 23, 2008

                     ORRICK, HERRINGTON & SUTCLIFFE LLP

By _____
            Lisa T. Simpson
            Rishona Fleishman

            666 Fifth Avenue
            New York, NY  10103-0001
            212-506-5000

            Attorneys for Defendant
            Mervyn's LLC