USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/9/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
GREAT WHITE BEAR, LLC,

                Plaintiff,

  - against -

MERVYNS, LLC,

                Defendant.
------------------------------------------------------------x

06 Civ. 13358 (RMB)(FM)

**ORDER**

## I. Background

On May 27, 2008, United States Magistrate Judge Frank Maas issued a discovery order ("May 27, 2008 Order") granting Mervyns, LLC's ("Defendant") motion to preclude Great White Bear, LLC's ("Plaintiff") damages expert, Stephen J. Rankel ("Rankel"), from testifying at trial about damages from "returns and cancellations," "development costs," "employee time and effort," "interest," and "opportunity costs" ("Items 3 through 7," respectively) relating to an alleged breach of contract by Defendant to purchase $11.7 million worth of clothing from Plaintiff. (May 27, 2008 Order at 1.) Judge Maas found, among other things, that Rankel's expert report, dated April 10, 2008 ("Report"), failed to "supply actual calculations with detailed and complete information elucidating how [Rankel] arrived at the damages figure[s]"; the failure "was not justified since [Plaintiff] was given many opportunities to correct its [R]eport before [Defendant] filed its motion to strike"; and "nothing preclude[s] [Plaintiff] from offering at least some of the substance of the Report through a fact witness." (Id. at 6, 12–13.) Judge Maas also denied Defendant's application to recover attorney's fees and costs from Plaintiff in connection with Defendant's challenge of the Report because, among other things, "preclusion alone is a sufficient sanction." (Id. at 14.)

On June 4, 2008, Judge Maas issued an order ("June 4, 2008 Order") setting June 20, 2008 as the deadline for submission of Defendant's expert reports and setting July 11, 2008 as the deadline for concluding discovery and for "submit[ting] to [this Court] a written request" to "make a dispositive motion." (See June 4, 2008 Order.)[1]

On June 6, 2008, Plaintiff filed objections to the Discovery Orders arguing, among other things, that: (1) the May 27, 2008 Order "misappl[ied] the recognized legal factors" in "precluding [] Rankel from testifying as to Damages Items 3 through 7" where "supporting documentation [was] provided"; and (2) the June 4, 2008 Order is "clearly erroneous and contrary to law" because it implements the May 27, 2008 Order and "incorrectly omit[s] . . . reference to any [future] Daubert motion" that Plaintiff "might wish to make . . . along with any dispositive motions" to this Court. (Pl. Obj. to Discovery Orders, dated June 6, 2008 ("Objections"), at 2, 17.) On June 23, 2008, Defendant opposed Plaintiff's Objections, arguing, among other things, that: (1) Rankel "fails to set forth any specific data" and "provides no supporting documentation" for his damages figures; and (2) "any Daubert motions or other motions to preclude expert testimony would be included in the reference to Magistrate Judge Maas pursuant to 28 U.S.C. § 636(b)(1)(A)." (Def. Opp. to Objections, dated June 23, 2008 ("Def. Opp."), at 11, 22.)

**For the reasons set forth below, the Court affirms Judge Maas' Discovery Orders.**

## II.     Standard

When considering objections to discovery rulings issued by a magistrate judge, the reviewing court "shall modify or set aside any portion of the magistrate judge's order found to be

---

[1] The May 27, 2008 and June 4, 2008 Orders are referred to together as "Discovery Orders."

clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004). An order is "clearly erroneous" when the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal citations omitted).

"A magistrate judge's resolution of discovery disputes deserves substantial deference." Weiss v. La Suisse, Societe d'Assurances Sur La Vie, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001).

**III. Analysis**

Having reviewed the record herein, including, among other things, Judge Maas' Discovery Orders, Plaintiff's Objections, Defendant's Opposition, and applicable legal authorities, the Court concludes that Judge Maas' Discovery Orders are neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(a).

Expert reports must contain "essential details needed to understand and assess" the expert's conclusions. Lava Trading, Inc. v. Hartford Fire Ins. Co., No 03 Civ. 7037, 2005 WL 4684238, at *7 (S.D.N.Y Apr. 11, 2005); see also Fed. R. Civ. P. 26(a)(2)(B) (requiring "a complete statement of all opinions the witness will express and the basis and reasons for them; [and] the data or other information considered by the witness in forming them"). Judge Maas properly concluded that Items 3 through 7 of the Report failed to "meet the requirements of Rule 26(a)(2)(B)" because Rankel "failed to supply any calculation which ties the number[s]

contained in the underlying documents to the figure[s] he cites." (May 27, 2008 Order at 2, 6.) Plaintiff's "failure to comply with Rule 26(a)(2)(B) . . . was not justified since [Plaintiff] was given many opportunities to correct its report . . . nor can [Plaintiff's] failure be considered harmless since [Defendant] was forced to file a motion, which has delayed the progress of this case." (Id. at 13); see also Venite v. St. Luke's Hosp., No. 01 Civ. 4067, 2002 WL 1461493, at *2 (S.D.N.Y. July 3, 2002); Dimensional Sound, Inc. v. Rutgers Univ., No. 92 Civ. 2350, 1996 WL 11244, at *6 (S.D.N.Y Jan. 10, 1996).

Plaintiff's claim that the June 4, 2008 Order improperly implemented the May 27, 2008 Order is unavailing because, as described above, the May 27, 2008 Order is neither clearly erroneous nor contrary to law. And, the June 4, 2008 Order is within the Magistrate Judge's authority and the June 28, 2007 Order of Reference to a Magistrate Judge. (See Order of Reference to a Magistrate Judge, dated June 28, 2007); see also 28 U.S.C. § 636(b)(1)(A); Commer v. McEntee, No. 00 Civ. 7913, 2006 WL 3262494, at *19 (S.D.N.Y. Nov. 9, 2006); EEOC v. Morgan Stanley & Co., Inc., No. 01 Civ. 8421, 2004 WL 1542264, at *1 (S.D.N.Y. July 8, 2004).

### IV.  Conclusion and Order

For the reasons set forth above, the Court denies Plaintiff's Objections [#64] to Judge Maas' May 27, 2008 and June 4, 2008 Discovery Orders.

Dated: New York, New York
       July 9, 2008

_____
RICHARD M. BERMAN, U.S.D.J.